```
               UNITED STATES DISTRICT COURT FOR THE
                     DISTRICT OF NEW HAMPSHIRE
```

Karen Cook

    v.                                      Civil No. 06-cv-058-JD

CTC Communications Corp.


### O R D E R

CTC Communications Corporation has filed an objection to the magistrate judge's ruling that granted Karen Cook's motion to compel the production of documents related to the termination of Tracy Bradstreet. CTC requests a hearing on its objection. Cook has responded to CTC's objection and opposes a hearing.


### I. Hearing

Under the local rules in this district, the court ordinarily will decide motions without oral argument. LR 7.1(d). To overcome that presumption, a party must provide a written statement "outlining the reasons why oral argument may provide assistance to the court." Id. CTC has not provided any reasons to support its request for a hearing. Therefore, a hearing will not be held on this matter.

II.  <u>Objection to Magistrate Judge's Order</u>

CTC objects to the magistrate judge's order that requires it to produce the requested documents pursuant to the parties' stipulated protective order.  CTC, therefore, seeks review of the order pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a).  Cook opposes CTC's motion.

<u>Background</u>

Karen Cook worked at CTC as Regional Human Relations Manager for the Northern Region from August until November of 2005.  Her direct supervisor was Tracy Bradstreet.  Cook alleges that she immediately became aware that CTC was making employment decisions in violation of federal law and that Bradstreet was authorizing or, at least, not correcting those decisions.  Cook's role in bringing those issues to Bradstreet's attention and then to the attention of Ray Allieri, CTC's president and CEO, led to acrimonious relations with Bradstreet.  CTC's in-house counsel, James Prenetta, investigated Cook and Bradstreet.  During a telephone conference on November 10, 2005, Allieri announced that Bradstreet would be leaving her job at the end of the month.  After the meeting ended, Allieri told Cook that her employment was terminated.

Cook brought suit in early 2006.  In her amended complaint

she alleges wrongful discharge and violations of federal employment laws: the Uniformed Services Employment and Reemployment Act of 1994, the Fair Labor Standards Act, and the Family and Medical Leave Act. Cook sent a request for production of documents, which included the following: "Please provide any documents that relate to the termination of Craig Smith, Joey Sutton, Lisa Mayo, Tracy Bradstreet, and/or Ms. Cook." CTC's counsel responded: "Defendant objects to Document Request No. 4 on the grounds that it seeks documents regarding Company employees that may be protected by state or federal privacy laws. Defendant further objects to Document Request No. 4, as it relates to Tracy Bradstreet on the grounds that Ms. Bradstreet's termination is not relevant to this action."

In the course of deposing James Prenetta on June 14, 2006, Cook learned that Bradstreet had consulted with counsel after she was terminated and that her counsel had sent a demand letter to CTC, alleging that Bradstreet was terminated based on her age and gender. Since then, CTC and Bradstreet have entered into a settlement agreement.

Discussion

In her motion to compel, Cook asked that CTC be required to produce any and all documents that are related to CTC's termination of Bradstreet's employment, including any documentation of the settlement between CTC and Bradstreet. CTC responded that all the documents requested by Cook are not discoverable because Cook is seeking "inadmissible documents related to the settlement of a separate matter raising unrelated claims." Def. Opp. at 1. CTC further responded that the settlement documents are protected by privilege. The magistrate judge ruled: "Production is to be made pursuant to the stipulated protective order."

Under § 636(b)(1)(A) and Rule 72(a), the court may refer non-dispositive matters to be decided by the magistrate judge. Parties are permitted to file objections to orders issued by the magistrate judge, which are reviewed by the district court judge. Id. The court will not modify or set aside the objected-to ruling unless "it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." § 636(b)(1)(A).

CTC has not offered an explanation, in its objection to the magistrate judge's ruling, as to why documents related to Bradstreet's termination, other than the settlement documents, are not discoverable. Therefore, CTC has not provided any

4

reasoned basis to contest the magistrate judge's order to the extent it addresses documents covered by Cook's production request that are not settlement documents.

In support of its objection, CTC argues strenuously in favor of a settlement privilege based on Federal Rule of Evidence 408. The party who invokes a privilege to avoid a discovery request bears the burden of showing that it applies. Fed. R. Civ. P. 26(b)(5); see also In re Keeper of Records, 348 F.3d 16, 22 (1st Cir. 2003). Because CTC did not comply with the requirements of Rule 26(b)(5), to the extent it asserts a federal settlement privilege as the basis of its objection, its objection is without merit. See, e.g., In re Subpoena Duces Tecum, 439 F.3d 740, 751–55 (D.C. Cir. 2006).

Further, it is far from being clearly established that any federal settlement privilege exists. CTC asserts, relying on older decisions from around the country but not from this district or the First Circuit, that "courts that have considered this issue have consistently held that the party seeking to discover documents protected by Federal Rule of Evidence 408 must make a 'particularized showing' that the document sought will lead to admissible evidence and is not being used for an improper purpose." Def. Opp. to Mot. at 7; Surreply at 2 (both citing Bottaro v. Hatton Assocs., 96 F.R.D. 158, 160 (E.D.N.Y. 1982)).

5

That version of the legal landscape, however, fails to account for the diversity of opinion this issue has generated. More importantly, CTC fails to address a case from this district and the First Circuit that is on point.

In the course of litigating an employment discrimination case, plaintiff's counsel moved to compel production of a settlement agreement reached between the defendants and a different plaintiff in a separate but related case. <u>Sheppard v. River Valley Fitness One, L.P.</u>, 428 F.3d 1, 4-5 (1st Cir. 2006). In response, defendants' counsel, who represented the defendants in both cases, claimed that the settlement agreement was irrelevant to this case and moved for a protective order, which was granted to the extent that it allowed "eyes-only review of the settlement agreement." <u>Id.</u> at 5. After reading the agreement, the plaintiff's counsel moved for relief from the protective order and for sanctions. <u>Id.</u> The motion was granted by the magistrate judge; that decision was modified by the district court, and the First Circuit modified the result further. <u>Id.</u> at 5-13.

In its opinion, the First Circuit quoted the defendants' counsel's argument that "'[s]ettlement agreements with related parties--absent a showing of identity of issues or factual stipulations having bearing on the subsequent case--are generally

held as not relevant.'"  Id. at 12.  The First Circuit noted that the cases cited for that proposition, some of which CTC relies on here, actually acknowledge "that settlement agreements may be used to impeach a witness," which was an issue in the Sheppard case.  Id.  The First Circuit affirmed the monetary sanctions assessed against the defendants' counsel for opposing disclosure of the settlement agreement.  Id.

In addition, the Eastern District of New York, the court that issued the Bottaro decision requiring a "particularized showing," has reconsidered that rule and rejected it.  Rates Tech. Inc. v. Cablevision Sys. Corp., 2006 WL 3050879, at *3 fn.3 (E.D.N.Y. Oct. 20 2006) ("[T]o the extent the Botarro court may have applied a heightened standard to the discoverability of settlement agreements by requiring a 'particularized showing of a likelihood that admissible evidence will be generated,' this result is contrary to Rule 26 which permits discovery of any relevant information 'reasonably calculated to lead to the discovery of admissible evidence.'").  The District of Rhode Island also considered and rejected the Bottaro standard. Bennett v. Pere, M.D., 112 F.R.D. 136, 139-40 (D.R.I. 1986) (Selya, J.).  Although the Sixth Circuit has recognized a narrow privilege limited to protecting the content of settlement negotiations, Goodyear Tire & Rubber Co. v. Chiles Power Supply,

Inc., 332 F.3d 976, 980 (6th Cir. 2003), it is the only circuit to have done so, see In re Supbpoena, 429 F.3d at 754. Other courts have rejected a settlement privilege arising from Rule 408. See, e.g., Clark v. Experian Info. Solutions, Inc., 2006 WL 931677 at *3-*4 (N.D. Ill. Apr. 10, 2006) (citing cases); Newman & Assocs. v. J.K. Harris & Co., 2005 WL 3610140 at *2 (S.D.N.Y. Dec. 15, 2005) ("Under federal law, courts have generally declined to recognize a privilege that would preclude discovery for the purpose of settlements or settlement negotiations.").

CTC has not shown that the magistrate judge's ruling, granting Cook's motion to compel "is clearly erroneous or contrary to law." § 636(b)(1)(A).

## Conclusion

For the foregoing reasons, the defendant's objection to the magistrate judge's ruling (document no. 25) is denied.

SO ORDERED.

 /s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

November 13, 2006

cc: Samantha C. Halem, Esquire
    Lauren S. Irwin, Esquire
    Mary L. Marshall, Esquire