UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Karen Cook

    v.                                        Civil No. 06-cv-058-JD

CTC Communications Corp.


**O R D E R**


Plaintiff moves to quash defendant's subpoena duces tecum on its expert and defendant seeks to compel compliance and to hold the expert in contempt. This unseemly squabble was, and is, unnecessary.

Background

New Hampshire practitioners generally depose experts by agreement and negotiate reasonable document production and terms of payment for the expert. Although a member of the New Hampshire Bar, defense counsel, marching to a different tune, served a subpoena duces tecum on the expert. Fed. R. Civ. P. 45 certainly gives her that option.

Rather than resort to the formal procedures of Fed. R. Civ. P. 45(c)(2)(B), the expert had plaintiff's counsel attempt to amicably negotiate reasonable time and relevance limitations on

the several document requests, some of which were overly broad and some of which called for irrelevant material. While some progress was made by the parties in narrowing the requests, there remain unresolved issues as to certain document categories.

Because the expert is a sole practitioner who works out of her home and has no regular staff, the enormous time to comply with the subpoena falls upon the expert. Plaintiff's efforts to assure that the experts would be paid for her efforts led to this dispute. Defense counsel objects to paying regular attorney hourly rates for the expert to cull documents on and off her computer, do redactions and/or copy. Plaintiff's counsel maintains that defense counsel must either agree to pay the expert's charges or there will be no compliance with the subpoena.

## Discussion

The subpoena is overbroad and is subject to being quashed or modified. Plaintiff's counsel objected on the expert's behalf in a timely fashion under Fed. R. Civ. P. 45(c)(2)(B). Defense counsel has filed her motion to compel under that rule. I grant the motion to compel and the motion for protective order as follows:

1. Request #2 is limited to courses or seminars concerning investigation practices over the last 4 years;

2. Request #3 is limited to documents regarding investigation practices over the last 4 years (excluding materials Ms. Moore gave as an attorney to a client);

3. Power-point presentations are excluded from Request #4;

4. Request #11 is limited to expert testimony regarding investigations;

5. Request #12 is limited to expert reports regarding investigations; and

6. Defendant is ordered to compensate Ms. Moore at her regular rate of $225 per hour for all location, collating and reviewing of documents.  I find her rate reasonable for those efforts.  Plaintiff's counsel is to do all copying at her standard copy charge rate.

7. No counsel fees to either party.

The motions (document nos. 31 and 37) are granted as set forth above and are otherwise denied.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: May 7, 2007

cc:   Samantha C. Halem, Esq.
      Lauren S. Irwin, Esq.
      Mary L. Marshall, Esq.