UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>Karen Cook</u>

    v.                                Civil No. 06-cv-58-JD

<u>CTC Communications Corp.</u>


<u>O R D E R</u>

     CTC Communications Corporation moves to strike paragraph thirteen of Karen Cook's affidavit submitted in support of Cook's objection to CTC's motion for summary judgment.  CTC asserts that the paragraph contradicts Cook's prior deposition testimony.  Cook objects to the motion, contending that her affidavit statement merely elaborated on her deposition testimony.

     As a preliminary matter, the court notes, sua sponte, that Cook's affidavit is sworn as true and accurate based on her knowledge, information, and belief.  Personal knowledge is required for an affidavit under Federal Rule of Civil Procedure 56(e), and, therefore, "[i]t is apodictic that an affidavit made upon information and belief does not comply with Rule 56(e)." <u>Perez v. Volvo Car Corp.</u>, 247 F.3d 303, 315 (1st Cir. 2001) (internal quotation marks omitted).  Because Cook may be presumed to have personal knowledge of her telephone conversation with Ray Allieri, her statement in paragraph thirteen is allowed under Rule 56(e) as a statement made under oath and based on her

personal knowledge of the truth of the statement.[1]

"When an interested witness has given clear answers to unambiguous questions, he cannot create a conflict and resist summary judgment with an affidavit that is clearly contradictory, but does not give a satisfactory explanation of why the testimony is changed."  Colantuoni v. Alfred Calcagni & Sons, Inc., 44 F.3d 1, 4-5 (1st Cir. 1994).  If a contradictory affidavit is executed in response to a motion for summary judgment, the timing is "probative of the fact that the non-movant was merely attempting to create an issue of fact."  Orta-Castro v. Merck, Sharp & Dohme Quimica P.R., 447 F.3d 105, 110 (1st Cir. 2006).  "A subsequent affidavit that merely explains, or amplifies upon, opaque testimony given in a previous deposition is entitled to consideration in opposition to a motion for summary judgment."  Gillen v. Fallon Ambulance Serv., Inc., 283 F.3d 11, 26 (1st Cir. 2002).

CTC filed its motion for summary judgment on July 13, 2007.  As part of the motion, CTC asserted that Cook could not prove her claims of retaliation in violation of the Fair Labor Standards Act, the Uniformed Services Employment and Reemployment Rights

---

[1] Of course, "[a] statement under oath constitutes perjury if it is false, known to be so and material to the proceeding." United States v. Pagan-Santini, 451 F.3d 258, 266 (1st Cir. 2006) (citing 18 U.S.C. § 1623).

Act, and the Family and Medical Leave Act, because her job required her to raise issues about compliance with those requirements.  CTC asserted that Cook had not made complaints or taken any action outside the scope of her employment.  See Claudio-Gotay v. Beckton Dickerson Caribe, Ltd., 375 F.3d 99, 102 (1st Cir. 2004) (holding that to engage in protected activity under the FLSA, an "employee must step outside his or her role of representing the company and file an action adverse to the employer, actively assist other employees in asserting FLSA rights, or otherwise engage in activities that reasonably could be perceived as directed towards the assertion of rights protected by the FLSA") (internal quotation marks omitted).

In her objection, Cook argued, in part, that she took action adverse to CTC by warning CTC's CEO, Ray Allieri, that she would notify the Department of Labor and other government agencies that CTC was violating federal requirements.  She submitted her affidavit, dated August 6, 2007, in support of her objection.  In paragraph thirteen, Cook stated:

> As discussed at my deposition (page 142), during the approximately thirty-minute October 10 2005 telephone call that I had with Ray Allieri, I discussed the concerns that I had about employees in my sector not receiving proper wages and benefits. part of that discussion included my telling Mr. Allieri that I believed that I had a responsibility to notify the Department of Labor and other Government Agencies of legal violations if CTC had no intention of addressing

the concerns I had raised.

On page 142 of her deposition, however, Cook agreed with CTC's counsel that Tracy Bradstreet, Cook's supervisor, sent her an email about Cook taking over the recruiting function in the office, that she raised the issue of the email with Allieri, and that she also raised an issue about employees in her sector having issues with their pay and their benefits and a variety of other concerns.  When asked whether she said anything else, other than to express her concerns about the employees in her sector and about Bradstreet, she answered that she told Allieri that Bradstreet was retaliating against her and detailed the basis for that concern.  She then said, "You know, as far as I can recall, there may have been some other things, I'm trying to recall as best I can all of the things that I covered in that conversation with him.  But that, you know – –."  Dep. at 143.

As CTC points out, Cook was asked about the conversation with Allieri several times during the deposition but never mentioned warning Allieri that she would notify the Department of Labor and other agencies of CTC's alleged violations.  Cook also did not allege in her complaint that she made such a statement to Allieri.  When asked whether she said anything else during the conversation, she did not report that warning.

By way of explanation, Cook asserts that her statement that

4

she warned Allieri she would report CTC's violations was merely an elaboration of her previous testimony.  Cook also criticizes CTC's counsel for taking a short deposition, suggesting that further questioning might have elicited the missing statement.

Cook's statement in paragraph thirteen is not <u>directly</u> contradictory to her deposition testimony.  To the extent that there is any inconsistency, that can be explored during cross-examination.  The affidavit statement will not be struck.


<u>Conclusion</u>

For the foregoing reasons, the defendant's motion to strike (document no. 62) is denied.



SO ORDERED.

_____    <u>/s/Joseph A. DiClerico, Jr.</u>
Joseph A. DiClerico, Jr.
United States District Judge

October   12, 2007

cc: Samantha C. Halem, Esq.
    Lauren S. Irwin, Esq.
    Mary L. Marshall, Esq.