UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

**************************************

Karen Cook,                              *
                                         *
            Plaintiff                    *
                                         *   Civil Action No. 1:06-cv-58-JD
v.                                       *
                                         *
CTC Communications Corp.,                *
                                         *
            Defendant                    *
**************************************

## PLAINTIFF'S FIRST MOTION IN LIMINE TO EXLUDE ANY EVIDENCE OF DEPARTMENT OF EMPLOYMENT SECURITY (UNEMPLOYMENT) BENEFITS RECEIVED BY PLAINTIFF FOLLOWING TERMINATION FROM DEFENDANT

NOW COMES the Plaintiff Karen Cook, by and through her attorneys, Upton & Hatfield, LLP, and respectfully submits the within First Motion in Limine to Exclude any Evidence of Department of Employment Security (Unemployment) Benefits Received by Plaintiff Following Termination from Defendant, as follows:

1.      Following Karen Cook's termination from the Defendant on November 10, 2005, she collected unemployment benefits from the State of Massachusetts Department of Employment Security.

2.      Cook intends to testify, in part, about the lost wages she suffered between the time of her termination from the Defendant, and the time she secured alternative employment in or about March 7, 2006 with Brainshark, a company located in Burlington, Massachusetts.

3.      Cook will likewise introduce a summary of her lost wages and benefits in the form of a trial exhibit.

4.      Cook has not deducted the amount she received in unemployment benefits from her calculation of her lost wages, and will not testify about the unemployment benefits received.

5.      The Plaintiff anticipates that the Defendant will seek to cross-examine her about her receipt of unemployment benefits (a) in order to make the suggestion that Plaintiff was "dishonest" in her calculation of her lost wages and/or (b) to convince the jury that the Plaintiff's "lost wages" are actually smaller than the amount testified to by Plaintiff and presented on the trial exhibit.

6.      First, the unemployment benefits received by Cook are collateral source payments and are not properly subtracted from her back pay award on her federal claims.  In *Lussier v. Runyon*, 50 F.3d 1103, 1105 (1st Cir 1995), the First Circuit held that it was within the trial court's discretion to tailor a front pay award to take account of collateral benefits in a discrimination case.  However, the Court clearly distinguished between front pay and back pay awards and, after noting that courts of appeals have been divided on the issue of whether collateral sources of income should be deducted from federal employment back pay awards, the Court stated, "Even if we assume, *arguendo*, that granting discretion to district courts to deduct collateral benefits from back pay awards is problematic, front pay presents an easier call."  *Id.* at 1109.  The Court concluded that it was leaving open the question of whether or not courts possess the authority to tailor back pay awards to take collateral benefits into account.  *Id.* at 1110.  A few years later, in the case of *Quint v. A.E. Staley Mfg. Co.*, 172 F.3d 1 (1st Cir. 1999), the First Circuit found that in a Maine state law discrimination case, the district court had abused its discretion in reducing the plaintiff's back pay award by the amount of disability insurance proceeds and AFDC and food-stamp benefits received following her termination.  In so holding, the First Circuit found that "federal precedent" would not lead to a different result because the courts of appeals are in disagreement regarding the collateral-source issue as it

relates to discrimination claims under federal law and the United States Supreme Court has yet to address the issue.  *Id.* at 18-19.

7.      Thus, the First Circuit has suggested that the trial court may not have discretion to reduce a back pay award based on collateral sources of income.  In addition, many courts that have considered the issue have found that the court does not have the discretion to reduce the back pay award in discrimination claims.  See *e.g. Salitros v. Chrysler Corp*., 306 F.3d 562, 573 (8th Cir. 2002)(benefits for unemployment, worker's compensation and Social Security are collateral source payment and are not subtracted from back pay award under ADA); *Hunter v. Allis-Chalmers Corp.*, 797 F.2d 1417, 1428-1429 (7th Cir. 1986)(majority of circuits hold unemployment benefits may never be deducted from back pay); *School Committee of Norton v. MCAD*, 63 Mass. App. Ct. 839, 849 (2005)(affirming MCAD ruling that denied an offset for unemployment benefits received by the plaintiff)(citing *Buckley Nursing Home, Inc. v. MCAD*, 20 Mass. App. Ct. 172, 183 (1985), quoting from *Jones v. Wayland*, 374 Mass. 249, 262 (1978)(applying "collateral source rule" to employment discrimination context)); *Craig v. Y & Y Snacks, Inc.*, 721  F2d 77, 81-85 (3d Cir.1983)(holding that unemployment compensation should not be deducted from a Title VII back pay award); *Brown v. A.J. Gerrard Mfg. Co.*, 715 F.2d 1549, 1550-51 (11th Cir. 1983)(en banc)(similar); *EEOC v. Ford Motor Co*., 688 F.2d 951, 952 (4th Cir.)(similar); *Rasimas v. Michigan Dep't. of Mental Health*, 714 F.2d 614 (1983); *Kauffman v. Sidereal Corp.*, 695 F.2d 343, 347 (9th Cir. 1982)(holding in a Title VII case that "unemployment benefits received by a successful plaintiff in an employment discrimination action are not offset against a back pay award").

8.      In addition, the unemployment benefits received by the Plaintiff are not properly deducted from her common law wrongful termination claim because the Plaintiff may be

required by Massachusetts statute to repay any unemployment benefits she received between the time she was terminated by Defendant and when she secured alternative employment at Brainshark.  In *Kern v. Cabletron*, CV-92-91-SD 10/31/93 (D. NH), the Court (Devine, J.), found that the collateral source doctrine did not apply to unemployment benefits in a New Hampshire wrongful termination claim.  However, the case that the Court relied upon in the *Kern* case specifically held that if a plaintiff is required to reimburse the state for the unemployment benefits received, the back pay award would be increased in the amount of such reimbursement.  *Foote v. State Personnel Comm'n*, 118 NH 640, 646 (1978).

9.      Massachusetts Law 151A: Section 69C, Back Pay Award; Notice to Commissioner; Reimbursement of Fund states:

(a)  If a back pay award to an individual is reduced because of the receipt of unemployment benefits by the individual, the employer against whom the back pay award was made shall notify the commissioner of the back pay award in such manner as prescribed by the commissioner.  The employer must notify the commissioner in writing not later than the twelfth day from which the employer learns about the reduction in the back pay award.

(b)  An employer which has been assessed a back pay award which has been reduced because of the receipt of unemployment benefits by an individual shall reimburse the unemployment compensation fund for the amount of benefits paid from such fund equal to the amount of the reduction of the back pay award.  **The employer shall not be liable under this section to reimburse the fund more than the amount by which the commission determines the individual was overpaid unemployment benefits because of receipt of a back pay award.** (Emphasis added).

(c)  Any reimbursement of the fund by the employer pursuant to subsection (b) shall be credited against the overpayment resulting from the receipt of a back pay award.  **An individual who has received a back pay award which has been reduced by the receipt of unemployment benefits shall not be liable with respect to an overpayment caused by receipt of said award that creates liability for the employer under subsection (b).**  (Emphasis added).

10.     Thus, if Cook's back pay award were reduced by the amount of unemployment benefits she collected, the Defendant would have to repay the amount reduced to the Department

of Employment Security.   Conversely, Section 69C(c) suggests that if Cook's back pay award is not reduced, it is Cook's obligation to reimburse the unemployment compensation fund.

11.     Since the Plaintiff appears to be obligated to repay any unemployment benefits she receives in her back pay award, it would be prejudicial and misleading to the jury to have the jury deduct the amount of unemployment benefits received by Cook from any award the jury makes in this case, and thus, such testimony ought to be excluded.  *Foote v. State Personnel Comm'n, supra.*

12.     Thus, the unemployment benefits that the plaintiff received are not relevant to any of her claims and therefore, such evidence should be excluded.

13.     Pursuant to Local Rule 7.1(c), the Plaintiff has sought concurrence from the Defendant for the filing of this Motion, and the Defendant does not concur.

14.     Pursuant to Local Rule 7.1(a)(2), no memorandum of law is attached hereto, because all legal citations are contained herein.

15.     At the very least, if the Court determines that it is permitted to exercise its discretion as to whether or not the back pay award is to be reduced by unemployment benefits, then the jury should not hear evidence regarding unemployment benefits, as it would cause the jury to make the deduction.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court:

A.  Grant Plaintiff's First Motion in Limine; and

B.  Grant such other and further relief as may be equitable and just.

Respectfully submitted,

KAREN COOK
By Her Attorneys

UPTON & HATFIELD, L.L.P.

Date:  October 12, 2007          By:    /s/ Heather M. Burns
                                        Heather M. Burns, Esq., Bar No. 8799
                                        Lauren S. Irwin, Esq., Bar. No. 10544
                                        10 Centre Street., Box 1090
                                        Concord, NH  03302-1090
                                        Tel.:  603-224-7791
                                        E-mail: hburns@upton-hatfield.com

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served on this date and in the manner specified herein:  Electronically served through ECF:  Samantha C. Halem, Esq., counsel for the Defendant.

October 12, 2007                        /s/  Heather M. Burns, Esq.
                                        Heather M. Burns