UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

```
*************************************
Karen Cook,                          *
                                     *
            Plaintiff                *
                                     *   Civil Action No. 1:06-cv-58-JD
v.                                   *
                                     *
CTC Communications Corp.,            *
                                     *
            Defendant                *
*************************************
```

**<u>PLAINTIFF'S SECOND MOTION IN LIMINE TO EXLUDE DOCUMENTS IN KAREN COOK'S PERSONNEL FILES FROM OTHER EMPLOYERS (WITH THE EXCEPTION OF OFFER LETTER AND BENEFIT FORM FROM BRAINSHARK, INC.) AND TO EXCLUDE TESTIMONY REGARDGING A SEPARATION AGREEMENT WITH NEW HORIZONS</u>**

NOW COMES the Plaintiff Karen Cook, by and through her attorneys Upton & Hatfield, LLP, and respectfully submits the within Second Motion in Limine to Exclude Documents from Karen Cook's Personnel Files from Other Employers (with the Exception of Offer Letter and benefit form from Brainshark, Inc.) and to Exclude Testimony Regarding a Separation Agreement with New Horizons, as follows:

1. Karen Cook was employed by the Defendant from July 25, 2005 until November 10, 2005, when she was terminated.

2. Following her termination, Cook was unemployed until March 7, 2006, when she obtained a position with Brainshark, Inc. as a Human Resources Manager (<u>Exhibit 1</u>, Plaintiff's Answer to Interrogatory #12 of Defendant's First Set of Interrogatories to Plaintiff).

3. Cook was employed by Brainshark, Inc. from March 7, 2006, which was physically located a significant distance from her home, until July 5, 2006 when she secured a position as an independent contractor with Comcast. (<u>Exhibit 2</u>, Plaintiff's Third Supplemental

Answers to Defendant's First Set of Interrogatories).  Cook then became an employee of Comcast on December 12, 2006.  Id.

4. On or about January 31, 2007 the Defendant, through counsel, subpoenaed Cook's personnel records from Brainshark, Inc., Comcast, New Horizons Computer Learning Center, Corporate Technologies, and Level 3, Cook's employers prior to and subsequent to her employment with the Defendant.  (Exhibit 3).

5. Although Cook's performance at Comcast has been exemplary, Cook did not want her current employer dragged into this litigation.  Ultimately, through discussion with counsel, Defendant agreed not to seek to depose Comcast employees based upon Plaintiff's counsel's agreement that the Plaintiff would not seek to introduce evidence of Cook's work performance at Comcast at trial.

6. Plaintiff submits that the Court ought to preclude the Defendant from introducing any documents contained in the personnel files of any of the employers noted in paragraph 4 herein, at trial, in light of the fact that such evidence would constitute inadmissible character evidence, is irrelevant, and will confuse and waste the time of the jury.

7. For example, the Plaintiff suspects that the Defendant will try to introduce documents concerning Cook's performance at New Horizons.  Such evidence would constitute impermissible character evidence, since the sole purpose for its introduction would be to try to show that Cook had a character for having difficulty getting along with others, and acted in conformity with that character during her employment with the Defendant.

8. FRE 404(a) generally prohibits the introduction of character evidence.  In a civil case, evidence of a person's character is never admissible to prove that the person acted in conformity with the character trait.

9. The notes to the 2006 Amendments to FRE 404 provide that "…circumstantial use of character evidence is generally discouraged because it carries serious risks of prejudice, confusion and delay. See <u>Michelson v. United States</u>, 335 U.S. 469, 476 (1948) ("The overriding policy of excluding such evidence despite its admitted probative value, is the practical experience that its disallowance tends to prevent confusion of issues, unfair surprise and undue prejudice.") See also <u>Kern v. Cabletron Systems, Inc.</u>, CV-92-91-SD, 10/13/93 (D. N.H).

10. This evidence is also irrelevant to Cook's pending case and should be excluded under FRE 402. Further, it will create a "trial within a trial" on the issue of why someone was critical of Ms. Cook. Finally, introduction of this evidence would be more prejudicial than probative, and thus, should be excluded pursuant to FRE 403.

11. In addition to documents relating to Cook's performance, the Plaintiff suspects that the Defendant may seek to introduce a document and testimony regarding a separation agreement she had with a former employer, New Horizons.

12. The Court ought to preclude introduction of the separation agreement and related testimony for a number of reasons. First, the separation agreement is irrelevant to Cook's pending case and should be excluded under FRE 402. Second, it will create a "trial within a trial" on the issue of why Cook entered into a separation agreement with a prior employer. Third, introduction of the separation agreement and related testimony would be more prejudicial than probative, and thus, should be excluded pursuant to FRE 403.

13. It is clear that Defendant would only seek to introduce a separation agreement and/or elicit testimony about the agreement to suggest (wrongly) that either Cook had been

terminated by the former employer, New Horizons, or that she had brought a claim against the prior employer New Horizons, which resulted in the negotiation of a separation agreement.

14. For all the foregoing reasons, the Plaintiff submits that the documents in her personnel files from other employers (with the exception of the offer letter and benefit form from Brainshark which are relevant to damages) ought to be excluded. In addition, testimony regarding the separation agreement with New Horizons ought to be excluded.

15. Pursuant to Local Rule 7.1(c), the Plaintiff has sought concurrence from the Defendant for the filing of this Motion, and the Defendant does not concur.

16. Pursuant to Local Rule 7.1(a)(2), no memorandum of law is attached hereto, because all legal citations are contained herein.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court:

A. Grant Plaintiff's Second Motion in Limine; and

B. Grant such other and further relief as may be equitable and just.

Respectfully submitted,

KAREN COOK
By Her Attorneys

UPTON & HATFIELD, L.L.P.

Date: October 12, 2007    By:    /s/ Heather M. Burns
Heather M. Burns, Esq., Bar No. 8799
Lauren S. Irwin, Esq., Bar. No. 10544
10 Centre Street., Box 1090
Concord, NH 03302-1090
Tel.: 603-224-7791
E-mail: hburns@upton-hatfield.com

**CERTIFICATE OF SERVICE**

     I certify that a copy of the foregoing was served on this date and in the manner specified herein:  Electronically served through ECF:  Samantha C. Halem, Esq., counsel for the Defendant.

Date:  October 12, 2007                                              /s/  Heather M. Burns, Esq._____
                                                                                     Heather M. Burns