UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| KAREN COOK ) </br> ) </br> Plaintiff-Respondent, ) </br> ) </br> v. ) </br> ) </br> CTC COMMUNICATIONS CORP. , ) </br> ) </br> Defendant-Petitioner. ) </br> ) | Civil Action No. 1:06-cv-58 |

**DEFENDANT'S MOTION IN LIMINE
TO EXCLUDE EVIDENCE OF CONDUCT THAT COOK DID NOT RAISE
PRIOR TO HER TERMINATION**

Plaintiff's lawsuit is based on her claims that she was terminated <u>because</u> she raised issues about alleged illegal and unethical conduct to Ray Allieri.  She also claims that her supervisor, Tracy Bradstreet, influenced Allieri's decision to terminate her because Bradstreet was angry at Cook for raising such issues.  Therefore, evidence about issues that Cook did not raise could not have led to her termination and must be excluded.  Such evidence is irrelevant and unduly prejudicial under Fed. R. Evid. 402 and 403.  Moreover, such evidence is or contains hearsay evidence excludable under Fed. R. Evid. 801.

Consequently, Defendant CTC Communications Corp. ("CTC") respectfully moves that this Court to preclude any mention at trial of any assertion that CTC engaged in unethical or illegal conduct that Plaintiff Cook did not raise to her supervisor, Tracy Bradstreet, or to CEO Ray Allieri prior to her termination (hereinafter "After-Acquired Unasserted Issues"). Consequently, evidence that supports any of Plaintiff's allegations of illegal or unethical conduct

that she learned of <u>after</u> her termination cannot be used to support or bolster her claims. Therefore, any documents or evidence that Plaintiff learned of during the discovery process and that she was not privy to during her employment must be excluded.

## **FACTS**

The facts of this case are described in Defendant's Pretrial Statement and in its other Motions in Limine. In short, Plaintiff alleges that she was terminated because she informed Ray Allieri about potential legal issues involving CTC's employees.

It is clear from Plaintiff's pleadings that she intends to produce allegations about CTC's alleged illegal or unethical conduct that she never mentioned to either her supervisor, Bradstreet, or Allieri. For example, in her Objection to Defendant's Motion for Summary Judgment, Plaintiff cites a number of issues that she never raised to her superiors and/or was unaware of during her employment.

1. <u>Torkelson</u>

Plaintiff states in her Objection that CTC acted improperly toward employee John Torkelson. Cook asserts she instructed Torkelson's manager to put him on an FMLA leave. However, Cook never mentioned this issue to Allieri or Bradstreet during her employment. (Plaintiff's Objection at 6-7; Cook Deposition at 150, attached as Exhibit 1, stating that she never raised this issue with anyone at CTC during her employment except Torkelson's manager, Plaintiff's Response to Defendant's Interrogatory Number 28, attached as Exhibit 2). In fact, at her deposition she testified that she mentioned it to General Counsel, James Prenetta, <u>after</u> he terminated her employment. (Ex. 1, Cook Dep. at 159).

2. <u>Information Obtained Through Discovery</u>

Plaintiff cites numerous documents and information that she learned of during the discovery process, asserting that "[d]iscovery in this case demonstrates that Cook's suspicions were well-founded." (Plaintiff's Objection at 3).

3. <u>Heuchling</u>

Plaintiff relies on evidence of a dispute between Payroll Administrator Jawanna Benjamin and Tracy Bradstreet's successor, Donna Heuchling. This dispute arose <u>after</u> Cook was terminated. (Plaintiff's Objection at 16, 18).

4. <u>Acts of Other Employee</u>

Plaintiff hopes to introduce evidence that she learned during General Counsel James Prenetta's deposition about an employee engaged in sexually inappropriate conduct. (Plaintiff's Objection at 16).

5. <u>Bradstreet's Termination</u>

Plaintiff relies on Bradstreet's allegations concerning her own termination that Plaintiff was unaware of during her employment. (Plaintiff's Objection at 16-17). <u>See</u> <u>also</u> Defendant's Motion in Limine to Exclude Bradstreet's Allegations.

Additionally, Plaintiff testified at her deposition, and stated in her Amended Complaint, that she raised issues concerning two CTC employees during her employment. However, after her deposition, Plaintiff has attempted to broaden those issues to include other claims of illegal or unethical conduct. As noted above, any testimony concerning After-Acquired Unasserted Issues must be excluded. Specifically, Defendant seeks to exclude the following:

1.      Sutton

Any reference to former CTC employee Joey Sutton's termination beyond Plaintiff's concern that Sutton may not have gotten his final paycheck on time or his Massachusetts unemployment notice. (Amended Complaint at ¶ 19). These were the only legal issues Cook asserts she raised to Bradstreet. (Ex. 1, Cook Dep. at 57-63 (testifying that she did not "believe" Sutton's termination was unlawful)).

2.      Mayo

Any reference to Lisa Mayo beyond Cook's assertion that she told Bradstreet that she was concerned that Bradstreet had backdated a letter. Plaintiff never asserted to Allieri or Bradstreet during her employment that Mayo's termination was illegal. Cook testified that the only issue she raised to Bradstreet was the backdating of Mayo's termination letter. She testified that she told Bradstreet that she had "never encountered something like that…" but that she "didn't make a claim one way or the other to her…" concerning the legality of the act. (Ex. 1, Cook Dep. at 78-79).[1]

Finally, in her recent Supplemental Response to Defendant's Interrogatories, Plaintiff states that she raised issues concerning an employee names Jean Connolly to Clint Milholme and to no one else. (See Plaintiff's Supplemental Responses to Defendant's Fourth Set of Interrogatories, attached as Exhibit 3). Thus, Plaintiff should not be permitted to introduce any evidence about Connolly.

---

[1] Defendant culled the above examples from Plaintiff's Objection to its Motion for Summary Judgment. Plaintiff may well intend to offer into evidence other examples of information not raised to her superiors and/or learned of after her termination. Therefore, Defendant requests that the Court issue a blanket prohibition against such evidence.

## ARGUMENT

Plaintiff should not be permitted to introduce evidence about issues she never raised to her superiors and/or was unaware of during her employment. To prevail at trial, Plaintiff must show that she raised various issues to her superiors and that, as a result of raising <u>those</u> issues, she was terminated. Therefore, any evidence about After-Acquired Unasserted Issues is both irrelevant and unfairly prejudicial and must be excluded.

### I. **EVIDENCE ABOUT AFTER-ACQUIRED, UNASSERTED ISSUES MUST BE EXCLUDED.**

Prior to opening statements, this Court should exclude from evidence any reference to Cook's allegations about conduct that Cook never raised to either Bradstreet or Allieri. Specifically, the Court should exclude evidence and testimony concerning Jon Torkelson or Jean Connolly, and should limit the evidence offered concerning Joey Sutton and Lisa Mayo to issues that Cook claims she discussed with Bradstreet or Allieri during her employment.

#### A. **Evidence About After-Acquired, Unasserted Issues Is Irrelevant**.

Evidence concerning allegedly improper conduct that Cook never raised to her superiors cannot be the basis for her termination and therefore cannot be the basis of her retaliation or public policy claims. Therefore, this evidence must be excluded as irrelevant under Fed. R. Evid. 402. ("Evidence which is not relevant is not admissible").

#### B. **Probative Value of After Acquired, Unasserted Evidence Is Substantially Outweighed By The Danger of Unfair Prejudice.**

As discussed above, evidence discovered after her termination does not support any element of Plaintiff's claims and therefore is irrelevant and must be excluded. However, even if such evidence were not entirely irrelevant, it would unfairly prejudice the jury and would require extensive rebuttal evidence explaining a myriad of unrelated employment decisions, thereby

- 5 -

lengthening an already complex trial. For that reason alone it must be excluded. Fed. R. Evid. 403 ("Evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice.").

Evidence is unfairly prejudicial if it "'invites the jury to render a verdict on an improper emotional basis.'" United States v. Flemmi, 402 F.3d 79, 86 n.8 (1st Cir. 2005) (quoting United States v. Varoudakis, 233 F.3d 113, 122 (1st Cir. 2000)); see also United States v. Currier, 836 F.2d 11, 18 (1st Cir. 1987) ("Unfairly prejudicial evidence . . . is evidence that triggers the mainsprings of human action in such a way as to cause the jury to base its decision on something other than the established proposition in the case." (internal quotation marks and brackets omitted)); McElwin v. Harris, 2006 U.S. Dist. LEXIS 18273, 7-8 (D.N.H. 2006) (citing Fed. R. Evidence 403 advisory committee's note that "Unfair prejudice" sufficient to warrant exclusion of relevant evidence must at a minimum have an "undue tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one.").

Testimony concerning issues Plaintiff never raised to Allieri or Bradstreet is an after-the-fact attempt to bolster her lawsuit. Plaintiff clearly hopes the more issues she can present to the jury, the more likely the jury will be to conclude that CTC habitually ignored its legal obligations.

If permitted to testify on this matter, Defendant will have to call all the relevant employees as rebuttal witnesses and offer voluminous documentary evidence refuting her claims that the company acted improperly. In short, such testimony will necessitate a mini-trial on the merits of each employment decision. For that reason, as well as the fact that it is irrelevant and prejudicial, such evidence must be excluded. See Moorhouse v. Boeing Co., 501 F. Supp. 390 (D. Pa. 1980) aff'd 639 F.2d 774 (3d Cir. 1980) (excluding evidence that would

result in a "mini-trial"); Tennison v. Circus Circus Enters., Inc., 244 F.3d 684 (9th Cir. 2001) (excluding a witnesses testimony because it would have "resulted in a 'mini trial,' considering that much of the[] testimony was disputed by Defendants"); McWhorter v. Birmingham, 906 F.2d 674 (11th Cir. 1990) (upholding the exclusion of evidence relating to other employees' grievances because it would "have resulted in a series of mini-trials centering on the employment history of each [employee]").

### C. Evidence About After Acquired, Unasserted Issues Is Hearsay.

Rule 801 prohibits the admission of hearsay evidence, except in certain defined situations. Evidence that various managers made statements to Cook or that documents stand for a legal proposition are all hearsay excludable under Fed. R. Evid. 801 because the statements were not made by Cook and they are being presented "to prove the truth of the matter asserted." Fed. R. Evid. 801(c).

### II. EVIDENCE ABOUT AFTER-ACQUIRED UNASSERTED ISSUES CANNOT BE USED TO SUPPORT HER RETALIATION OR PUBLIC POLICY CLAIMS.

A Plaintiff must base retaliation or wrongful termination claims on evidence known to her during her employment. Plaintiff is attempting to bolster her paltry retaliation and public policy claims with documentation and evidence learned during discovery. This is untenable. To prevail at trial, Plaintiff must prove that she was terminated because she raised various legal issues to her superiors. She must rely only on the issues she raised. Therefore, even if evidence shows that her "suspicions were well-founded,"[2] such evidence is irrelevant to her claims and must be excluded under Rule 402. Similarly, even if the evidence is not wholly irrelevant, it unfairly prejudicial and should be excluded under Rule 403. Finally, much of the evidence, both testamentary and documents is hearsay evidence that must be excluded under Rule 801.

---

[2] Defendant contests the merits of this assertion.

- 7 -

Plaintiff respectfully requests that the Court specifically exclude Plaintiff from offering the following evidence, as well as any additional evidence that was acquired after Plaintiff's termination, including during the discovery process:

1. <u>Information Obtained Through Discovery</u>

Any evidence that Plaintiff relied on in her Objection to Defendant's Summary Judgment Motion, asserting that "[d]iscovery in this case demonstrates that Cook's suspicions were well-founded." (Plaintiff's Objection at 3).

2. <u>Heuchling</u>

Evidence of a dispute between Payroll Administrator Jawanna Benjamin and Tracy Bradstreet's successor, Donna Heuchling as this dispute arose <u>after</u> Cook was terminated and Cook and Heuchling were not employed at the same time. (Plaintiff's Objection at 16, 18).

3. <u>Acts of Other Employee</u>

Evidence that an employee engaged in sexually inappropriate conduct, learned for the first time during James Prenetta's deposition. (Plaintiff's Objection at 16).

4. <u>Bradstreet's Termination</u>

Bradstreet's allegations concerning her own termination that Plaintiff was unaware of during her employment. (Plaintiff's Objection at 16-17). <u>See also</u> Defendant's Motion in Limine to Exclude Bradstreet's Allegations.

**A.  Evidence Plaintiff Discovered Through Discovery Is Irrelevant To Her Retaliation and Public Policy Claims.**

Plaintiff cannot prevail on her retaliation or public policy claims unless she can show that she was terminated <u>based on</u> the performance of a particular act or group of acts during her employment. Specifically, to prevail on a public policy claim, a plaintiff "must establish … that… the employment [was terminated] <u>because</u> the employee performed acts which public

policy would encourage or … refused to perform acts which public policy would condemn." Straughn v. Delta Air Lines, Inc., 250 F.3d 23, 47-48 (1st Cir. 2001) (emphasis added). Similarly, to prevail on her retaliation claim, plaintiff must produce evidence of a causal connection between her conduct and her termination. See Hodgens v. Gen. Dynamics Corp., 144 F.3d 151, 161 (1st Cir. 1998) (to make out a prima facie case of retaliation under FMLA, a plaintiff must show a causal connection between her protected activity and the adverse employment action.); Claudio-Gotay, 375 F.3d at 102 (to establish a claim of retaliation under the FLSA, plaintiff must show that her employer subjected her to an adverse employment action as a reprisal for having engaged in protected activity); Gannon v. AMTRAK, 422 F. Supp. 2d. 504, 508 (D. Pa. 2006)(to maintain a claim of retaliation under USERRA, Plaintiff bears the burden of producing evidence that military status was a "motivating factor" in the employer's challenged adverse employment decision).

Plaintiff can only prevail at trial if she establishes the required elements of her retaliation and public policy claims. Because both causes of action are based solely on acts that occur during employment, evidence learned after termination is simply irrelevant. Therefore, Plaintiff cannot support either her retaliation or her public policy claims based on evidence learned of during the discovery process.

### B. Any Probative Value of Evidence About After-Acquired, Unasserted Issues Is Substantially Outweighed By The Danger of Unfair Prejudice.

As discussed above, evidence about After-Acquired, Unasserted Issues does not support any element of Plaintiff's claims and therefore is irrelevant and must be excluded. However, even if the evidence was not entirely irrelevant, it would unfairly prejudice the jury and would require extensive rebuttal evidence explaining the circumstances of a myriad of unrelated employment decisions, none of which Cook was even aware of, thereby lengthening an already

complex trial.  Fed. R. Evid. 403 ("Evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice.").

Testimony concerning employment decisions and disputes that Cook was completely unaware of until she brought this lawsuit is a transparent attempt to convince the jury that CTC was a bad actor".  Plaintiff cannot be permitted to produce evidence about unrelated issues, most of which involve employees she never worked with, to support her claim that CTC violated state and federal laws when it fired her.

At the time of Plaintiff's termination, CTC had over 500 employees in over five states. Those employees' day to day complaints and issues, regardless of their merit, will cause unfair prejudice to Defendant, will confuse the jury, and will require literally days of testimony to rebut.  In fact, Defendant will be forced to rebut each of piece of evidence with a myriad of witnesses and documents, resulting in several distracting mini-trials.  Consequently, such evidence must be struck.  See Moorhouse v. Boeing Co., 501 F. Supp. 390 (D. Pa. 1980) aff'd 639 F.2d 774 (3d Cir. 1980) (excluding evidence that would result in a "mini-trial"); Tennison v. Circus Circus Enters., Inc., 244 F.3d 684 (9th Cir. 2001)  (excluding a witnesses testimony because it would have "resulted in a 'mini trial,' considering that much of the[] testimony was disputed by Defendants"); McWhorter v. Birmingham, 906 F.2d 674 (11th Cir. 1990) (upholding the exclusion of evidence relating to other employees' grievances because it would "have resulted in a series of mini-trials centering on the employment history of each [employee]").

## **CONCLUSION**

WHEREFORE, Defendant CTC respectfully request that this Court prohibit Plaintiff from introducing any evidence, or testimony about any information, facts or allegations she discovered after her termination.

Respectfully Submitted,

CTC COMMUNICATIONS CORP.

By their Attorneys,
Marshall Law Group


 /s/ Samantha C. Halem_____
Samantha C. Halem, NH Bar No. 17293
Mary L. Marshall, Pro Hac Vice
37 Walnut Street, Suite 300
Wellesley, Massachusetts 02481
(781) 235-4855

Dated: October 12, 2007


**CERTIFICATE OF SERVICE**

    I certify that a copy of the foregoing Defendant's Motion in Limine to Exclude Evidence of Conduct That Cook Did Not Raise Prior To Her Termination was served on this date and in the manner specified herein: Electronically served through ECF: Samantha C. Halem, Esq., counsel for the Defendant..

October 12, 2007                       /s/ Samantha C. Halem_____
                                              Samantha C. Halem