UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

|  |  |  |
|---|---|---|
| | ) | |
| KAREN COOK | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | Civil Action No. 1:06-cv-58 |
| v. | ) | |
| | ) | |
| CTC COMMUNICATIONS CORP. , | ) | |
| | ) | |
| Defendant-Petitioner. | ) | |
| | ) | |

**DEFENDANT'S  MOTION IN LIMINE
TO EXCLUDE PLAINTIFF FROM INTRODUCING TESTIMONY FROM JAWANNA
BENJAMIN THAT IS UNRELIABLE, CHARACTER AND/OR HEARSAY.**

In her Objection to Defendant's Motion for Summary Judgment, Plaintiff cites Jawanna

Benjamin's deposition testimony about what other employees believed or thought.  Benjamin

lacks foundation to make these assessments, the assessments often go to the employee's

character, and to the extent Benjamin overheard or spoke to the individual, the evidence is

hearsay and must be excluded.

Therefore, Defendant asks this Court to prohibit the introduction of the following

testimony that Plaintiff relied on in her Objection to Defendant's Summary Judgment Motion:

1.     "Bradstreet did not want to change the classifications until she figured out how

        much money was involved." (Plaintiff's Objection at 4, citing Benjamin Dep. at

        99-100).

2.     "Bradstreet was known to 'let things slide' and 'hope they would get done

        eventually.'" (Plaintiff's Objection at 9, citing Benjamin Dep. at 71-72).

3.     "Bradstreet disapproved of Cook calling the Department of Labor."  (Plaintiff's

Objection at 10, citing Benjamin Dep. at 98).

4.     "Bradstreet became very angry … with Cook for calling the Department of Labor

on this issue." (Plaintiff's Objection at 10, citing Benjamin Dep. at 98).

To the extent that Plaintiff relies, in the future, on additional testimony from Benjamin or

others that is similarly unreliable, is impermissible character evidence or hearsay, Defendant

reserves its right to raise further objections.

## ARGUMENT

**I.     THE EVIDENCE CITED ABOVE IS INADMISSIBLE BECAUSE IT IS UNRELIABLE, CHARACTER, OR HEARSAY EVIDENCE.**

At Benjamin's deposition, Plaintiff's attorney asked Benjamin a number of questions that

elicited inadmissible evidence on which Plaintiff now intends to rely.  Specifically, Plaintiff is

currently relying on the above four statements to bolster her claims that CTC was an outlaw

company resolute on violating the law.

**A.     Benjamin's Testimony About Why Bradstreet Waited To Reclassify Employees Is Inadmissible Hearsay Testimony.**

As a preliminary matter, Plaintiff states that Benjamin testified that "Bradstreet did not

want to change the classifications until she figured out how much money was involved."

(Plaintiff's Objection at 4, citing Benjamin Dep. at 99-100).  However, this is a gross

misclassification of what Benjamin said. Benjamin testified as follows:

Q.     And is your impression from the meeting and conversation with Tracy that she
       was taking more of a we'll get this fixed eventually attitude toward that issue?

A.     Well, her issue was, yeah, we'll get it fixed eventually, but also we don't know
       how this is going to impact.  So, if they had employees that had been working
       overtime that needed to be back paid for the overtime, we needed to make sure
       that we let the finance team know so that the money was accrued for, as well as
       notifying the employees, giving them, you know actual letters as to why they had

not been receiving it, and they were trying to figure out how far they needed to go back, if they did.  SO that was something that Tracy was working on I guess, directly wit the legal team.

Q.      So, she didn't want to change it until she figured out how much money was involved and have the company save up the money?

A.      Right, I guess that's accurate.  It was more so that we needed to explain, when I processed payroll, we needed to explain any additional funds, and because we didn't know how far back we needed to go back for some employees, there was a lot of the employees had just newly came into the role so that it was just that current year, but they were trying to determine how far they needed to go back. There were issues with the with the acquisition that I really didn't have direct experience with to know why they were making the change or why it was never done previous to them coming over to CTC's payroll, but Tracy was supposed to be looking into how far they needed to go back, what kind of communication they were going to send the employees regarding that, or if they were going to move them into roles that were actually nonexempt.

(Benjamin Dep. at 99-101, attached as Exhibit 1).

Clearly, Benjamin was not saying that Bradstreet was simply waiting to "change the classifications until she figured out how much money was involved."  (Plaintiff's Objection at 4). However, even if she were, Benjamin's testimony appears to be wholly based on hearsay statements that Benjamin overheard or understood.   Plaintiff's counsel asked Benjamin for her "impression" from speaking to Bradstreet.  Therefore, Benjamin's testimony is based solely on Bradstreet's statements and is being offered for the truth of the matter asserted, i.e. that Bradstreet was waiting to change classifications.  Consequently, the statements are hearsay and must be excluded under Rule 801.

Additionally, it is clear from the above colloquy, that Benjamin herself was not involved in the decision making process and had no first hand knowledge of the events.  Therefore, her testimony is unreliable and, as such, must be excluded.  See Chappell v. GTE Products Corp., 803 F.2d 261 (6th Cir. 1986)(excluding evidence based on "personal beliefs, conjecture and speculation" as unreliable).

**B.**      **Benjamin's Testimony Concerning Bradstreet's Character Is Inadmissible Under Rule 404 and 403.**

Plaintiff relies on Benjamin for the proposition that "Bradstreet was known to 'let things slide' and 'hope they would get done eventually.'" (Plaintiff's Objection at 9, citing Benjamin Dep. at 71-72, attached as Exhibit 1).  This is inadmissible character evidence under Rule 404.

Federal Rule of Evidence 404 prohibits the use of character evidence "for the purpose of proving action in conformity therewith."  Fed. R. Evid. 404(a).  Plaintiff's proposed use of Benjamin's testimony violates both of these provisions.

Benjamin's testimony concerning Bradstreet's proclivities and attitude are clearly being offered as evidence of Bradstreet's character to influence the jury about Bradstreet's unrelated action.  Plaintiff is attempting to show that Bradstreet was unconcerned with potential legal violations and is offering this evidence to show that Bradstreet condemned Cook for being more proactive than she was.  This is quintessential character evidence prohibited under Rule 404(a).

Additionally, evidence that Bradstreet was known to "let things slide" and "hope they would get done eventually" is highly prejudicial and should be excluded under Rule 403.

**C.**      **Benjamin's Testimony Concerning Bradstreet's Reaction to Cook Calling the Department of Labor is Both Unreliable and Hearsay.**

All evidence must be reliable.  Benjamin's testimony concerning Bradstreet's alleged reaction to Cook calling the Department of Labor is unreliable, lacks foundation and is hearsay.

Plaintiff is again twisting Benjamin's actual testimony.  Benjamin testified that she concluded that Bradstreet was angry "that [Cook] had contacted the Department of Labor and was raising all these flags for the company."  (Ex. 1, Benjamin Dep. at 98).  Therefore, it is unclear whether Benjamin concluded that Bradstreet was angry concerning the Department of Labor issue or a separate matter.

- 4 -

Even if Benjamin did testify that Bradstreet was angry that Cook telephoned the Department of Labor, Benjamin testified that she reached this conclusion based on Bradstreet's "tone and body language".  Therefore, because Benjamin's testimony is based on her interpretation of Bradstreet's body language and tone, it is hearsay and must be excluded under Rule 801.

Finally, Bradstreet herself testified that she was unaware that Cook had ever called the Department of Labor and Cook testified that she only told Benjamin that she contacted the Department of Labor, not Bradstreet.  (Bradstreet Dep. at 225, attached as Exhibit 2; Cook Dep. at 100-106, attached as Exhibit 3).

It is unclear, therefore, on what basis Benjamin could have concluded that Bradstreet was angry with Cook, or if she even reached this conclusion.  The fact that the testimony is contradicted both by the alleged perpetrator and the alleged victim confirms that it is completely untrustworthy and should not be offered to the jury.  See Chappell v. GTE Products Corp., 803 F.2d 261 (6th Cir. 1986)(excluding such testimony as unreliable).

## CONCLUSION

WHEREFORE, Defendant CTC respectfully request that this motion be allowed

.

Respectfully Submitted,

CTC COMMUNICATIONS CORP.

By their Attorneys,
Marshall Law Group


 /s/ Samantha C. Halem_____
Samantha C. Halem, NH Bar No. 17293
Mary L. Marshall, Pro Hac Vice
37 Walnut Street, Suite 300
Wellesley, Massachusetts 02481
(781) 235-4855

Dated:  October 12, 2007


**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing Defendant's Motion in Limine to Exclude Plaintiff From Introducing Testimony From Jawanna Benjamin That Is Unreliable, Character and/or Hearsay was served on this date and in the manner specified herein:  Electronically served through ECF:  Samantha C. Halem, Esq., counsel for the Defendant..

October 12, 2007                          /s/ Samantha C. Halem_____
                                         Samantha C. Halem