UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| KAREN COOK, )<br>　　Plaintiff-Respondent, )<br>　　　　　　v. )<br>CTC COMMUNICATIONS CORP., )<br>　　Defendant-Petitioner. ) | Civil Action No. 1:06-cv-58 |

**DEFENDANT'S MOTION IN LIMINE**
**TO PROHIBIT PLAINTIFF FROM USING THE TERM "WHISTLE-BLOWER"**

　　Plaintiff began referring to herself as a whistle-blower in her Objection to Defendant's Summary Judgment Motion.  The term "whistle-blower" is a legal term with a well-known, and very sympathetic, popular meaning .  However, to be an actual "whistle-blower" one must, at a minimum, bring a claim under either the New Hampshire Whistleblower Protection Statute or a federal equivalent.  Plaintiff made the conscious choice to forgo bringing a claim under the relevant New Hampshire statute.  Consequently, she cannot now claim the mantle of this title in an effort to sway the jury that she was a noble, opponent of corporate injustice.

　　Defendant respectfully requests that the Court prohibit Plaintiff from describing herself as a whistle-blower or her complaints as whistle-blowing because the term has an understood meaning that is inapplicable to Plaintiff and therefore is unduly prejudicial under Fed. R. Evid. 403.

**I.    PLAINTIFF CHOSE NOT TO BRING A CLAIM UNDER THE NEW HAMPSHIRE WHISTLEBLOWERS ACT**

If Plaintiff believed that she had been terminated because she was a whistleblower, she could have brought a claim under New Hampshire's Whistleblowers Act, RSA 275-E:2.  She chose to forgo this option, choosing instead to sue for retaliation under three Federal statutes and for wrongful termination in violation of public policy.  It is well-established that there is a substantive difference between a retaliation claim and a whistle-blower claim.  See Thomas v. Guardsmark, LLC, 487 F.3d 531, 538 (7th Cir. 2007).

By choosing to bring retaliation claims and not to file suit under the whistle-blower statute, Plaintiff abdicated the ability to utilize the legal term whistle-blower.[1]  It is inappropriate and unduly prejudicial for Plaintiff to describe herself using a legal term that is not at issue in the lawsuit.  Because the term is not at issue, the jury will not hear an instruction on the legal definition of "whistleblower" and therefore will receive no guidance on the issue from the Court.  They will, therefore, apply their own, unduly sympathetic interpretation of that term. This would result in confusion to the jury and unfair prejudice to the Defendant.

**II.   THE TERM WHISTLE-BLOWER COMPELS A SYMPATHETIC REACTION.**

In addition to having a legal definition, the term "whistle-blower" also has a popular meaning.  Because the jury will not hear a legal definition of the term, they will revert to their own personnel understanding of what the term means.  This will result in unfair prejudice to the Defendant.

The term whistle-blower is frequently used to identify high profile individuals who uncover large scale corporate scandals.  For example, two individuals who are typically

---

[1] While Plaintiff could have brought a claim under New Hampshire's statute and chose not to, many legal definitions of the term would not apply to Plaintiff.  For example, Black's Law Dictionary defines the term as "[a]n employee who reports employer wrongdoing to a governmental or law-enforcement agency." Black's Law Dictionary, Eighth Ed., Bryan A. Garner, editor in chief.

identified as whistle-blowers, Sherron Watkins (who uncovered the Enron scandal) and Jeffrey Wigand (who uncovered the Big Tobacco scandal), are well known public figures.  In fact, Time Magazine named Ms. Watkins its person of the week and Dr. Wigand's story was the basis of a 60 minute expose and the movie "The Insider."

By using the term whistle-blower (without its attendant legal definition), Plaintiff is attempting to capitalize on the David and Goliath stories of people such as Ms. Watkins and Dr. Wigand.  This is a blatant attempt by Cook to sway the jury's emotions by portraying herself as fighting for the underdog against corporate America.  That effort  will cause unfair prejudice to Defendant.  See United States v. Flemmi, 402 F.3d 79, 86 n.8 (1st Cir. 2005) (holding that evidence is unfairly prejudicial if it "'invites the jury to render a verdict on an improper emotional basis.'") (quoting United States v. Varoudakis, 233 F.3d 113, 122 (1st Cir. 2000)); see also United States v. Currier, 836 F.2d 11, 18 (1st Cir. 1987) ("Unfairly prejudicial evidence . . . is evidence that triggers the mainsprings of human action in such a way as to cause the jury to base its decision on something other than the established proposition in the case"); McElwin v. Harris, 2006 U.S. Dist. LEXIS 18273, 7-8 (D.N.H. 2006) (citing Fed. R. Evidence 403 advisory committee's note that "Unfair prejudice" sufficient to warrant exclusion of relevant evidence must at a minimum have an "undue tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one.").

## CONCLUSION

WHEREFORE, For the reasons discussed above, Defendant CTC respectfully requests that Plaintiff be prohibited from using, in any manner, the term "whistleblower" in the trial of this case.

.

        Respectfully Submitted,

        CTC COMMUNICATIONS CORP.

        By their Attorneys,
        Marshall Law Group


        /s/ Samantha C. Halem_____
        Samantha C. Halem, NH Bar No. 17293
        Mary L. Marshall, Pro Hac Vice
        37 Walnut Street, Suite 300
        Wellesley, Massachusetts 02481
        (781) 235-4855

Dated:  October 12, 2007


**CERTIFICATE OF SERVICE**

     I certify that a copy of the foregoing Defendant's Motion in Limine to Prohibit Plaintiff From Using The Term "Whistle-Blower" was served on this date and in the manner specified herein:  Electronically served through ECF:  Samantha C. Halem, Esq., counsel for the Defendant..

October 12, 2007                     /s/ Samantha C. Halem_____
                                           Samantha C. Halem