UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Karen Cook

   v.                                 Civil No. 06-cv-58-JD
                                       Opinion No. 2007 DNH 127

CTC Communications Corp.

O R D E R

Karen Cook brings claims against her former employer, CTC Communications Corp., alleging that she was discharged in retaliation for her concerns that CTC was not in compliance with the requirements of the Fair Labor Standards Act, the Uniformed Services Employment and Reemployment Rights Act, and the Family and Medical Leave Act. CTC moves to exclude the testimony of Cook's expert witness, Julie Moore. Cook moves to exclude the testimony of CTC's expert witness, Michael Losey.

Background

Cook was a human resources manager at CTC. Her supervisor was Tracy Bradstreet, the vice president of human resources. Ray Allieri was chief executive officer of the company, and Jim Prenetta was general counsel. Cook believed that Bradstreet was not following legal requirements in human resources decisions and that Bradstreet was angry at her for raising issues about

compliance. Bradstreet found Cook difficult as an employee and believed that Cook was angry, critical, and agitated.

After Bradstreet complained to Allieri about Cook and Cook complained to Allieri about Bradstreet, Allieri directed Prenetta to investigate the complaints. Based on his investigation, Prenetta recommended that Cook's employment be terminated because of her negative relationship with other employees in the human resources department. Bradstreet was also terminated, based on poor performance.

Cook retained Julie Moore as an expert witness to support her retaliation claims. According to the information submitted, Julie Moore is a lawyer who practiced in the area of employment law for fifteen years and then founded Employment Practices Group "to focus on risk-management strategies for employers." (doc. 65, ex. 3). "She consults and advises on employment law issues; conducts investigations into alleged harassment and misconduct; drafts policies, procedures and handbooks, defends employers and management representatives before state and federal administrative agencies; represents individuals in certain workplace situations; and otherwise assists and counsels employers on harassment, discrimination, ADA, FMLA, diversity and other workplace issues." Id. Moore also has served as an expert witness "in various litigation matters."

Michael Losey was an executive with Ford Motor Company and Sperry Corporation.  In 1990, he became president and CEO of the Society for Human Resources Management and has now retired from that position.  Since his retirement, Losey "has been consulting in the HR and association management professions, as well as teaching and doing public speaking for companies and associations."  (doc. 66, ex. 1).  His training in the area of human resources includes a master of business administration in industrial relations, certification as a "Senior Professional in Human Resources," and a "Certified Association Executive."  He is a co-author and co-editor of books on human resource management.

## Discussion

Cook intends to have Julie Moore testify about the investigation that CTC made into the circumstances that preceded her termination from CTC.  CTC represents that it retained Losey to respond to Moore's proposed testimony and that he will testify "about typical HR issues associated with the integration of two companies of similar sizes, . . . will explain the problems Cook identified, the various alternative steps the Company could have taken to address them, and what CTC did to resolve the issues."  In addition, CTC expects Losey to testify about the responsibilities of Cook's job, Cook's allegation that she had a

good faith belief that CTC was violating certain laws, and whether her concerns justified her conduct.

Expert witness testimony is admissible if the testimony will assist the jury, if the witness is qualified, "if the testimony is based on sufficient facts or data, [if] the testimony is the product of reliable principles and methods, and [if] the witness has applied the principles and methods reliably to the facts of the case."  Fed. R. Evid. 702.  To assist the jury, the testimony must be relevant in the sense that the opinion "likely would assist the [jury] to understand or determine a fact in issue." Ruiz-Troche v. Pepsi Cola of P.R. Bottling Co., 161 F.3d 77, 81 (1st Cir. 1998).  If the probative value of expert testimony, which is otherwise admissible under Rule 702, is outweighed by a risk of unfair prejudice, the testimony may be excluded under Federal Rule of Evidence 403.  United States v. Garcia-Morales, 382 F.3d 12, 19 (1st Cir. 2004).  The party offering expert witness evidence bears the burden of establishing that the expert is qualified to give the opinion and that the opinion to be offered is both reliable and relevant within the meaning of Rule 702.  See Corwin v. Walt Disney Co., 475 F.3d 1239, 1250 (11th Cir. 2007); United States v. Vargas, 471 F.3d 255, 265 (1st Cir. 2006); Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 757-58 (8th Cir. 2006); Pride v. BIC Corp., 218 F.3d 566, 578 (6th Cir. 2000).

I. <u>Motion to Exclude Moore</u>

Julie Moore would testify that Prenetta's investigation of the complaints against Cook was flawed because he failed to follow nine steps which she contends are required for an appropriate workplace investigation.  CTC objects to Moore's opinions about Prenetta's investigation, contending that the opinions are not reliable because they are not based on an acceptable methodology or supporting sources, the opinions are not relevant to Cook's claims, and the probative value of her opinions is outweighed by other considerations.  In response, Cook argues that Moore is qualified to opine on investigations; that her opinions are based on "industry standards" she has learned from case law, publications, and her preparation for presentations on employment law; that her opinion is relevant because Cook was terminated based on the investigation; that the jury requires expert opinion on the investigation to evaluate it; and that her opinions as a lawyer would not be unfairly prejudicial.

Although Moore's experience has included researching information about how to conduct investigations of employment issues, she has no first hand experience in human resources management.  Instead, her experience is as a lawyer practicing in the field of employment law.  Her expertise is in the legal requirements and standards for employers not in human resources

management.  Therefore, Cook has not shown that Moore's opinions on human resource management are sufficiently based on her experience and knowledge to satisfy Rule 702.

Cook also failed to demonstrate that Moore's opinions about the nine-step investigation standard are based on accepted methodology or data.  Moore was asked, repeatedly, to identify the source of her nine-step investigation standard.  In response, she referred only generally to sources.  Based on her submissions, it appears that Moore developed the nine-step standard based on what she believes would be required for employers to avoid liability for discrimination claims.  In other words, her nine-step standard is a recommendation to avoid liability, but it is not necessarily an industry standard. Moore's opinions on what would constitute an appropriate investigation are not sufficiently supported by relevant data and appropriate methodology to satisfy Rule 702.

Further, Cook has not persuasively explained how Moore's opinion would assist the jury in determining whether Cook was terminated in retaliation for her concerns about CTC's compliance with statutory requirements.  Moore's opinion is that Prenetta's investigation was not conducted properly, which led to the erroneous conclusion that Cook could not get along with her co-workers and should be terminated.  To prove her retaliation and wrongful discharge claims, however, Cook must show that the

reasons given for her termination were not true and that her termination was actually retaliatory.  See 29 U.S.C. § 215(a)(3); 29 U.S.C. § 2615(a)(2); 38 U.S.C. § 4311(b); Karch v. Baybank FSB, 147 N.H. 525, 536 (2002) ("To establish a wrongful discharge claim, a plaintiff must allege and prove that: (1) the termination of employment was motivated by bad faith, retaliation or malice . . . .").

Evidence of a flawed investigation is relevant only if Cook proves that Prenetta intentionally failed to investigate properly in order to concoct a pretext for her termination.  That theory is not demonstrated by showing that Prenetta failed to follow Moore's nine-step standard, which was unknown to Prenetta. Instead, Cook would have to show that Prenetta knowingly avoided evidence that would have supported Cook or otherwise intended the negative outcome despite evidence to the contrary.  In the context of this case, jurors are fully capable of assessing Prenetta's investigation without the assistance of Moore's opinions.

II.  Motion to Exclude Losey

Cook objects to Michael Losey's expected testimony as to whether CTC violated the federal laws that are the bases for Cook's claims, whether Cook's conduct complied with the standards for a human resources manager, and whether CTC responded

7

appropriately to Cook's concerns.  In response, CTC defends Losey's opinions, but admits that some of the opinions are required only to rebut Moore's opinions.

Losey is not a lawyer, and CTC did not show that he has expertise in explaining the federal laws implicated in Cook's claims.  Therefore, he will not be permitted to testify about whether CTC was violating federal law.  Cook challenges Losey's opinions on administering CTC's 401(k) and benefit plans on the ground that such opinions were not disclosed and must be excluded.  Losey did discuss CTC's administration of its 401(k) and other benefit plans in his report.  His opinions as to why errors or violations were occurring, however, are not relevant.

Losey's excuses and explanations for CTC's conduct, based on the challenges of merging companies following an acquisition, are not relevant to Cook's retaliation claims.  Therefore those opinions will not be allowed.  Similarly, Losey's opinions about Cook's conduct are not relevant.  Whether Cook was acting within the scope of her employment depends on her specific job, not on Losey's opinions as to what, in general, a human resource manager's job might entail.  See Garcetti v. Ceballos, 126 S. Ct. 1951, 1961-62 (2006) ("The proper inquiry is a practical one.  Formal job descriptions often bear little resemblance to the duties an employee actually is expected to perform . . . .")  Therefore, those opinions are not admissible.  To the extent CTC

retained Michael Losey to rebut Julie Moore's opinions, that testimony will not be necessary.

As none of the opinions CTC expects to elicit from Losey are admissible, he is excluded as a witness.

## Conclusion

For the foregoing reasons, the plaintiff's motion to exclude (document no. 58) and the defendant's motion to exclude (document no. 67) are both granted.  Neither Julie Moore nor Michael Losey will be permitted to testify as an expert witness at trial.

SO ORDERED.

*/s/ Joseph A. DiClerico, Jr.*
Joseph A. DiClerico, Jr.
United States District Judge

October 15, 2007

cc:   Samantha C. Halem, Esquire
      Lauren S. Irwin, Esquire
      Mary L. Marshall, Esquire