**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Karen Cook

    v.                                      Civil No. 06-cv-58-JD

CTC Communications Corp.

## O R D E R

Plaintiff has filed an "Emergency Motion for Sanctions

Pursuant to FED. R. CIV. P. 37(c) and Request for Expedited

Rulings."  It is premised upon three alleged discovery failures.

1.    November 16-17, 2006 Production of a
      Letter of March 10, 2006

Defense counsel emailed documents to plaintiff's counsel at

the latter's request even though they were not due for several

days under the court's order.  The March 10th letter was the last

of the documents emailed.  Only pages 1 and 2 were emailed.

Plaintiff's counsel called the lack of a concluding signature

page to defense counsel's attention.  Counsel's paralegal then

faxed the signature page noting that it was numbered page 5, but

was really page 3.  Further review of other documents by

plaintiff's counsel led to the conclusion that there were missing

pages.  Further inquiry resulted in production of pages 3 and 4.

All of this took place over the course of two days one year ago.

Plaintiff's counsel expressed her belief that there was no legitimate explanation for the separation of pages and raised questions of a violation of the Rules of Professional Responsibility.  Defense counsel found the accusations "insulting, unprofessional and unfounded."

2.    <u>Prenetta – Two Pages of Notes</u>.

Two pages not produced in the June 2006 discovery were sent to plaintiff's counsel in October of 2007 as part of a proposed exhibit.  Plaintiff believes the two pages are relevant notes of Prenetta about the Cook termination, while Prenetta has told defense counsel they are not about Cook.

3.    <u>September 14, 2007 Memo</u>.

An email was recently retrieved by use of different search terms than the original search (according to defense counsel).  It provides documentation of existing oral testimony.  Plaintiff's counsel has insinuated that the initial failure to produce the document was again without legitimate explanation.

<u>REQUEST FOR SANCTIONS</u>

Plaintiff's counsel has shown that defense counsel and their employees have not been as careful as they should have been in discovery.  However, failing to provide five pieces of paper when

thousands have been produced is not a capital offense.  Two pages were delivered after one day and the other three pages are simply not that important.  Plaintiff's counsel is too quick to see a discovery conspiracy lurking in every mistake.  Zealous advocacy should be tempered by good judgment and civility.  They are sorely lacking in this instance.

There is no basis for sanctions.  I find that the errors were just errors; that there was no intent to deceive; and that plaintiff's counsel has blown these events way out of proportion.  The motion (document no. 98) is denied.  Defense counsel are entitled to reasonable attorneys' fees.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: October 31, 2007

cc:  Heather M. Burns, Esq.
     Lauren S. Irwin, Esq.
     Mary L. Marshall, Esq.
     Samantha C. Halem, Esq.