UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Karen Cook

    v.                              Civil No. 06-cv-58-JD

CTC Communications Corp.

O R D E R

Karen Cook brings claims against her former employer, CTC Communications Corporation, alleging that she was terminated in retaliation for her support of other employees' rights under a variety of federal and state laws. Cook has filed an "emergency motion" to permit a witness, Jawanna Benjamin, to testify at trial by contemporaneous transmission from an office in Manchester, New Hampshire. CTC objects to the motion on the grounds that Benjamin's testimony on behalf of Cook is "unnecessary and harassing" and because the circumstances do not meet the requirements of Federal Rule of Civil Procedure 43.[1]

---

[1] Federal Rule of Civil Procedure 43(a) provides: "In every trial, the testimony of witnesses shall be taken in open court, unless a federal law, these rules, the Federal Rules of Evidence, or other rules adopted by the Supreme Court provide otherwise. The court may, for good cause shown in compelling circumstances and upon appropriate safeguards, permit presentation of testimony in open court by contemporaneous transmission from a different location."

Cook represents that Benjamin has not responded to her request to appear voluntarily to testify during the trial.  The parties agree that Benjamin lives in Plainville, Massachusetts, which is more than 100 miles from Concord, New Hampshire, where this court is located.  As a result, Benjamin cannot be subpoenaed to appear here for trial.  See Fed. R. Civ. P. 45(b)(2).  They also agree that Manchester, New Hampshire, is less than 100 miles from Benjamin's home.[2]

Benjamin was deposed in Manchester in September of 2006.  Cook contends that CTC opposed her counsel's effort to have Benjamin testify in a videotaped deposition.  CTC contends that Cook's counsel "did not elect to videotape Ms. Benjamin's deposition."  Obj. at 2.  Instead, according to CTC, Cook's counsel notified CTC's counsel on October 22, 2007, that a videotape deposition of Benjamin would be taken on November 8, 2007, in Manchester, New Hampshire.  CTC's counsel objected to the videotape deposition.

CTC states that Benjamin is a single mother with two young children who has limited opportunities for child care.  As a result, CTC represents, Benjamin cannot return to Manchester for a second deposition.  Instead, CTC proposes that Cook be limited

---

[2]According to CTC's witness list, Benjamin's address is 71 Messenger Street, Plainville, Massachusetts  02762.

to cross-examination of Benjamin when she appears at trial as CTC's witness.

Based on the parties' filings, Benjamin has agreed to be present at trial to testify.  Therefore, it appears to be unnecessary to decide whether Cook can present Benjamin's contemporaneous testimony from Manchester or require Benjamin to give a videotape deposition before trial.  Instead, counsel for Cook and counsel for CTC will agree on a date and time for Benjamin to appear to testify during Cook's case in chief.  CTC's cross examination of Benjamin at that time will not be limited by the usual rules of cross examination but instead will be treated as a direct examination.  Cook will have an opportunity for redirect examination on the topics previously raised and addressed on direct and cross examination, and CTC will have an opportunity for recross examination also limited to the topics previously raised and addressed.  With that schedule, Benjamin will appear only once and no other depositions or transmissions will be necessary to elicit her testimony. See, e.g., Morales Feliciano v. Rullan, 378 F.3d 42, 57 (1st Cir. 2004) ("It is axiomatic that district courts enjoy wide latitude in matters concerning the ordering of proof and the presentation of evidence.").

Conclusion

The plaintiff's emergency motion (document no. 96) is denied.  This motion and objection, along with other filings in this case, suggest a lack of cooperation among counsel that may be detrimental to the interests of their clients and unnecessarily involve the resources of the court.  Counsel shall communicate with each other to establish the date and time of Benjamin's testimony at trial and to resolve other issues of this nature without involving the court.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

October 31, 2007

cc:  Heather M. Burns, Esquire
     Samantha C. Halem, Esquire
     Lauren S. Irwin, Esquire
     Mary L. Marshall, Esquire