UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Karen Cook

    v.                                    Civil No. 06-cv-58-JD

CTC Communications Corp.


O R D E R

Karen Cook brings claims against her former employer, CTC Communications Corporation, alleging that she was terminated in retaliation for her support of other employees' rights under a variety of federal and state laws.  In anticipation of trial, Cook moves to exclude documents in her personnel files from her other employers before and after she worked at CTC.  CTC opposes both motions.


Background

Cook was employed at New Horizons Computer Learning Center, Corporate Technologies, and Level 3 before she began her employment at CTC in July of 2005.  After she was terminated by CTC, she began work on March 7, 2006, at Brainshark, Inc. as a human resources manager.  She left Brainshark and began work as an independent contractor with Comcast on July 5, 2006.

<u>Discussion</u>

Cook represents that the parties have reached an agreement not to introduce evidence about her work at Comcast.  In her motion, Cook seeks to exclude documents from her personnel files with her other employers.  She contends that such evidence is impermissible character evidence, irrelevant, and unfairly prejudicial.  CTC objects to the motion on the grounds that evidence about her salary and benefits since her termination are relevant to her claims for damages and that Cook's separation agreement and other certain other documents from her employment at New Horizon's as evidence of Cook's credibility and her motive in bringing her claims against CTC.[1]

The primary issue appears to be Cook's separation agreement from New Horizons and documents related to the termination of her employment there.  The separation agreement recites such ordinary provisions as release, confidentiality, return of company property, intellectual property rights, non-disclosure of proprietary information, non-disparagement, cooperation, and other boilerplate clauses.  Neither party provided copies of any other potentially disputed evidence.

---

[1]Cook does not move to exclude evidence of her salary and benefits after she left CTC.

The parties provide little or no information about what the challenged evidence would be introduced to prove.  Cook characterizes the challenged evidence as "impermissible character evidence, since the sole purpose for its introduction would be to try to show that Cook had a character for having difficulty getting along with others, and acted in conformity with that character during her employment with the Defendant."  Mot. at 2. She also contends that the separation agreement would show that she was terminated from her employment at New Horizons and that she brought a claim against New Horizons.

CTC states that it intends to introduce the settlement agreement "as direct or rebuttal evidence, concerning Plaintiff's credibility."  Obj. at 3.  Apparently CTC expects Cook to testify, as CTC represents that she did at her deposition, about the reasons that she left New Horizons, and CTC intends to use the separation agreement and other documents to show that she was terminated for another reason.  CTC also argues that Cook did not move to exclude evidence about her performance at New Horizons and the reasons for her termination that was not in her personnel file.

On the minimal record presented here, the separation agreement and other documents about Cook's employment and the termination of her employment at New Horizons do not appear to be

relevant.  New Horizons is not a party in this case, and Cook's claims do not involve her work there.  To the extent CTC hopes to show that Cook was difficult to work with at New Horizons as proof of the veracity of CTC's reason for terminating her employment or that Cook brought a complaint against New Horizons to show that she has a habit of complaining against her employers, that evidence would appear to be barred by Federal Rules of Civil Procedure 404(b) and 403.

A final ruling on the admissibility of evidence of the settlement agreement and other personnel matters, however, must be made in the context of the trial, if and when the evidence is offered.

<u>Conclusion</u>

For the foregoing reasons, the plaintiff's motion to exclude documents (document no. 81) is denied.

SO ORDERED.

Joseph A. DiClerico, Jr.
United States District Judge

November 1, 2007

cc:  Heather M. Burns, Esquire
     Samantha C. Halem, Esquire
     Lauren S. Irwin, Esquire
     Mary L. Marshall, Esquire