```
           UNITED STATES DISTRICT COURT FOR THE
                  DISTRICT OF NEW HAMPSHIRE
```

Karen Cook

    v.                              Civil No. 06-cv-58-JD

CTC Communications Corp.


O R D E R

Karen Cook brings claims against her former employer, CTC Communications Corporation, alleging that she was terminated in retaliation for her support of other employees' rights under a variety of federal and state laws. CTC filed a motion in limine (document no. 90) to exclude plaintiff's use of the term "whistle-blower" at trial. Cook has filed an objection.

Discussion

CTC argues that Cook should be barred from referring to herself as a "whistle-blower" because it is a legal term with a well-defined meaning that is inapplicable to Cook. CTC also argues that the term "whistle-blower" has a popular meaning that will compel a sympathetic reaction by the jury. For both of these reasons, CTC argues that the term is unfairly prejudicial and should be excluded under Federal Rule of Evidence 403. Cook counters that the use of this term is not "evidence" but rather a word used to describe her situation, and therefore, there is no

evidentiary basis to exclude it.  Cook argues that if the term is considered evidence, it is not unfairly prejudicial because the term is legally applicable to her.

CTC argues on page one of its motion in limine that to be an actual "whistle-blower," one must bring a claim under New Hampshire's Whistleblowers' Protection Act, RSA ch. 275-E, (Whistleblowers' Act) or a federal equivalent.  That does not appear to be the case.  The term has been used by the First Circuit in retaliation claims. <u>Maturi v. McLaughlin Research Corp.</u>, 413 F.3d 166, 172 (1st Cir. 2005)("To encourage the filing of qui tam actions and protect whistle-blowers – persons who expose false or fraudulent claims, the [False Claims Act] imposes liability on employers who retaliate against employees who pursue, investigate, or contribute to an action exposing fraud against the government.").  As another example, in <u>Morales-Vallellanes v. Potter</u>, 339 F.3d 9, 14 (1st Cir. 2003), a postal employee who reported OSHA violations at the Postal Service and was then subjected to harassment filed retaliation claims that were construed as claims under Title VII and under his Collective Bargaining Agreement.  He was referred to as a "whistle-blower." <u>Id.</u> at 13.  In <u>Flynn v. City of Boston</u>, 140 F.3d 42, 46 (1st Cir. 1998), plaintiffs claimed that they were fired from their jobs with the City of Boston in violation of the First Amendment in

retaliation for their opposition to their supervisor's efforts to terminate employees of other political affiliations and to hire political cronies and other unqualified people.  The First Circuit noted that "[t]he legal standard in this area is notoriously fuzzy because the cases deal under the same head with very different problems and 'justifications,' for example, the disruptive employee, the whistle-blower who ignores channels, the official who disagrees about policy, the contractor who offers public political criticism of the agency, and so on."  Id.

"Whistle-blower" is a descriptive term commonly used and understood in a variety of legal and nonlegal contexts to refer generally to a person who informs on somebody else.  In the context of this case, the use of the term will not be unfairly prejudicial to the defendant.


## Conclusion

For the foregoing reasons, the defendant's motion in limine (document no. 90) is denied.

SO ORDERED.

                                           Joseph A. DiClerico, Jr.
                                           United States District Judge

November 2, 2007

cc:  Heather M. Burns, Esquire
     Samantha C. Halem, Esquire
     Lauren S. Irwin, Esquire
     Mary L. Marshall, Esquire