UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>Karen Cook</u>

    v.                                Civil No. 06-cv-58-JD

<u>CTC Communications Corp.</u>


<u>O R D E R</u>

    Karen Cook brings claims against her former employer, CTC Communications Corporation, alleging that she was terminated in retaliation for her support of other employees' rights under a variety of federal and state laws.  Trial of the case is scheduled to begin on Tuesday, November 13, 2007.  An issue has arisen as to the means by which a witness, Jawanna Benjamin, will testify at trial.

    Benjamin is a former employee of CTC who worked in the human resources department with Karen Cook.  She no longer works at CTC.  CTC represents that Benjamin lives in Plainville, Massachusetts, and is a single mother with limited opportunities for child care.

    Both Cook and CTC intend to present Benjamin's testimony at trial.  Benjamin was deposed in September of 2006.  Benjamin, apparently, has agreed to testify at trial in CTC's case, but she had refused to testify for Cook.  Because Benjamin lives more

than 100 miles from the courthouse, she cannot be subpoenaed to testify here.

To solve that dilemma, Cook moved for leave to have Benjamin testify by contemporaneous transmission from an office in Manchester, New Hampshire, which is less than 100 miles from her home.  CTC objected to that motion on the grounds that it would be burdensome for Benjamin to come to Manchester to testify as a witness for Cook, when she would also be testifying in CTC's case at trial.  CTC proposed that Cook rely on Benjamin's deposition testimony or examine her during CTC's case, when she would be at trial.

The court denied Cook's motion but ordered counsel to communicate and to arrange to have Benjamin testify once at trial, as she had agreed to do, but during Cook's case in chief. The court explained the procedure that would allow both sides full opportunity to examine and cross examine Benjamin in turn. That procedure would best accommodate Benjamin's interests while preserving the parties' rights to present their evidence. Ignoring the court's direction that counsel cooperate, CTC objects to that arrangement on the grounds that Benjamin has only agreed to testify as CTC's witness so that it would be prejudicial to have her appear during Cook's case and that Benjamin would be unavailable to testify on the days during which

Cook's case in chief is likely to be presented.  CTC again opposes electronic testimony and suggests that Cook examine Benjamin when she appears as CTC's witness.  CTC reiterates Benjamin's interests in avoiding time away from her family and her current employment.

At the final pretrial conference, held today, the court noted that both sides were entitled to have Benjamin testify but that Benjamin should not be required to appear twice, given her personal situation.  The court also noted that if Benjamin's testimony were limited to her appearance during CTC's case, a motion for a directed verdict could be made and considered only after Benjamin testified, which could prolong the trial unnecessarily.  For that reason, the alternative of delaying Benjamin's testimony, until she would appear voluntarily as a defense witness, is not a solution to the dilemma.

Because the parties would not agree to the solution proposed by the court of having Benjamin testify once during Cook's case, the court will require them to take a videotape deposition of Benjamin for trial to be scheduled at Benjamin's convenience next week.  The first deposition will be for Cook's use, and the second for CTC's use.  Counsel shall arrange to take a trial videotape deposition of Benjamin at a date, time, and place that is as convenient as possible for Benjamin.  A transcript shall be

prepared of the deposition before November 13, 2007.  The parties shall share equally the costs of the videotape deposition and preparation of the transcript.  In this manner, the parties will be able to present Benjamin during each of their cases and in a similar format.

    The court reiterates that if counsel are able to agree on an alternative approach for presenting Benjamin's testimony, the videotape deposition will not be necessary.

    SO ORDERED.

*Joseph A. DiClerico, Jr.*
Joseph A. DiClerico, Jr.
United States District Judge

November 2, 2007

cc:  Heather M. Burns, Esquire
     Samantha C. Halem, Esquire
     Lauren S. Irwin, Esquire
     Mary L. Marshall, Esquire