UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Karen Cook

    v.                                  Civil No. 06-cv-58-JD

CTC Communications Corp.

O R D E R

Karen Cook brings claims against her former employer, CTC Communications Corporation, alleging that she was terminated in retaliation for her support of other employees' rights under a variety of federal and state laws.  Cook moves to exclude evidence of unemployment benefits she received after her employment at CTC was terminated, arguing that under the collateral source rule those benefits cannot be deducted from a back pay award.  CTC objects, arguing that the collateral source rule does not apply and that the unemployment benefits should be deducted from a back pay award.

Discussion

Cook received unemployment benefits from the Commonwealth of Massachusetts, where CTC has its principal place of business, between her termination from CTC on November 10, 2005, and her employment with Brainshark, Inc. on March 7, 2006.  In total, she received $6,636 in unemployment benefits.  She claims lost wages

for the same period in the amount of $20,719.86.  Cook contends that the unemployment benefits are not relevant to her damages claim for lost wages and benefits because unemployment is a collateral source and because she may have to repay those benefits if she recovers her lost wages.  CTC contends that the First Circuit has not treated unemployment benefits as a collateral source and that under Massachusetts law, CTC not Cook, would be required to repay the unemployment benefits.

"The collateral source rule has traditionally provided that benefits received by the plaintiff from a source collateral to the defendant may not be used to reduce that defendant's liability for damages."  LaRocca v. Borden, Inc., 276 F.3d 22, 30 (1st Cir. 2002).  The First Circuit has held that it is within the discretion of the court whether to give effect to the collateral source rule in awarding front pay for a federal claim when that award is equitable in nature and when the collateral source rule is not barred by statute.  Lussier v. Runyon, 50 F.3d 1103, 1107 (1st Cir. 1995) (Rehabilitation Act claim); see also LaRocca, 276 F.3d at 30 (holding that the Employee Retirement Income Security Act bars the collateral source rule).  The First Circuit has not decided whether the rule would apply in the context of back pay awards for federal claims such as those Cook brings under the Fair Labor Standards Act and the Uniformed

Services Employment and Reemployment Rights Act.  See Quint v. A.E. Staley Mfg. Co., 172 F.3d 1, 28 n.16 (1st Cir. 1999) (noting dicta from Lussier: "[W]e tend to agree with those courts that have held the interplay between collateral benefits and back pay to be a matter within the district court's discretion."  50 F.3d at 1109).

    CTC represents that because it is a Massachusetts corporation and the Commonwealth of Massachusetts paid Cook unemployment benefits, if Cook is awarded back pay with the amount of benefits deducted from the award, CTC would be required to reimburse the Commonwealth for the amount of unemployment benefits paid to Cook.[1]  Because of that provision, CTC would not benefit from the fact that Cook received unemployment benefits.  Both FLSA and USERRA provide for liquidated damages in addition to the award of lost salary, making it unnecessary to employ the collateral source rule as a deterrent.[2]  Therefore, the better

---

[1] Under Massachusetts law, if an individual receives a back pay award against her employer that is reduced by the amount of unemployment benefits she received, her employer is liable to pay the Commonwealth the amount of unemployment benefits she received. See Mass. Gen. Laws Ann. 151A, § 69C(b).  Accordingly, "[a]n individual who has received a back pay award which has been reduced by the receipt of unemployment benefits shall not be liable with respect to an overpayment caused by receipt of said award that creates a liability for the employer under subsection (b)."  Id. § 69C(c).

[2] See 29 U.S.C. § 216(b); 38 U.S.C. § 4323(d)(1).

approach in the circumstances of this case is to deduct the amount of unemployment benefits Cook received from an award of back pay on Cook's FLSA and USERRA claims.

In New Hampshire, "[u]nder the collateral source rule if a plaintiff is compensated in whole or in part for his damages by some source independent of the tort-feasor he is still permitted to make full recovery against [the tort-feasor]." Moulton v. Groveton Papers Co., 114 N.H. 505, 509 (1974). The collateral source rule applies "to benefits paid under an insurance policy or by a relief association; employment benefits; gratuitous payments; social legislation benefits such as social security, welfare, pensions; and benefits received under certain retirement acts." Id. When a state employee wins a back pay award against the state for wrongful termination, however, "[her] award is to be reduced by the amount of unemployment compensation she received while wrongfully not employed by the State." Foote v. State Personnel Comm'n, 118 N.H. 640, 645 (1978). The award should be calculated "to make the plaintiff whole, to compensate her, and not to penalize the State." Id. "Of course, if the plaintiff is required to reimburse the State for any or all of the unemployment compensation she has received, her back-pay award will be increased by the amount of such reimbursement." Id. at 646.

The New Hampshire Supreme Court has not clarified whether the rule in Foote is limited to back pay awards against the state or is a rule of more general application when the plaintiff has received unemployment compensation.  In the circumstances of this case, where Massachusetts law would require CTC to reimburse the Commonwealth for the unemployment benefits only if that amount is deducted from Cook's award, it would appear that the implied policy in Foote of protecting the state would favor deduction.  Therefore, the amount of unemployment benefits will also be deducted from an award of back pay for Cook's wrongful discharge claim.

To avoid jury confusion and simplify the presentation of evidence, the court suggests that the parties stipulate to the amount of lost back pay and the amount of unemployment benefits Cook received.  If the parties cannot so stipulate, Cook will prove the full amount of her lost back pay, and CTC will prove the amount of unemployment compensation she received.  The jury will be instructed that it is not to consider the amount of unemployment compensation Cook received in calculating any award of back pay.

Conclusion

For the foregoing reasons, the plaintiff's motion to exclude evidence of her unemployment benefits (document no. 80) is denied.

SO ORDERED.

/s/Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

November 5, 2007

cc: Lauren Irwin, Esq.
    Mary Marshall, Esq.
    Heather Burns, Esq.
    Samantha Halem, Esq.