```
          UNITED STATES DISTRICT COURT FOR THE
                DISTRICT OF NEW HAMPSHIRE
```

Karen Cook

    v.                              Civil No. 06-58-JD

CTC Communications Corp.


O R D E R

Karen Cook brings claims against her former employer, CTC Communications Corporation, alleging that she was terminated in retaliation for her support of other employees' rights under a variety of federal and state laws.  Several motions are pending that are resolved as follows.

I.  Motion in Limine to Exclude Testimony of Jawanna Benjamin

CTC moves to prevent Jawanna Benjamin from testifying about what her supervisor, Tracy Bradstreet, believed or thought. Citing four examples of objected-to testimony taken from Cook's objection to summary judgment, CTC contends that such testimony is inadmissible because it is unreliable, hearsay, and impermissible character evidence.  Cook responds that the challenged testimony is admissible.

CTC also contends that Cook misrepresented Benjamin's testimony in her objection to CTC's motion for summary judgment. Because the court has ruled on the motion, CTC's challenge to

Cook's objection is untimely.

### A. Testimony about Changing Classifications

At her deposition, Benjamin was asked if it were her "impression" that Bradstreet was taking a "wait and see attitude" about the issue of changing the classifications of certain employees. Benjamin responded that Bradstreet's "issue" was that "we'll get it fixed eventually, but also we don't know how this is going to impact." She discussed the need to let "finance" know that some employees would be due back pay for overtime and to notify the employees about why they had not been paid previously. Benjamin was then asked whether Bradstreet did not want to change classifications until she knew how much money would be involved and wanted to give the company time to save enough to meet that expense. Benjamin responded that in her job working on the payroll "we needed to explain . . . any additional funds." She also stated that new employees had come into the company and the company did not know how far back it would have to go in making payments.

Benjamin was a payroll clerk in the human resources department at CTC. To the extent Benjamin testifies based on her own experience and personal knowledge of events, her testimony is likely to be reliable and is not hearsay.

Cook suggests, however, that she intends to elicit testimony from Benjamin about things Bradstreet said and argues that those statements are admissible as admissions from a party opponent, present sense impressions, then existing state of mind, reputation, and under the residual exception to the hearsay rule. Fed. R. Evid. 801(d)(2); 803(1),(3), & (21); 807.  On initial review, the cited exceptions do not appear to apply to the challenged testimony.  The cited exceptions, even if they apply, do not make otherwise irrelevant or inadmissible evidence admissible.  Whether the challenged testimony is admissible, however, must be assessed in context at trial.

B.   <u>Testimony about Bradstreet's Character</u>

CTC objects to testimony from Benjamin that Bradstreet was known to "let things slide" on the grounds that it is impermissible character evidence under Rule 404 and is more unfairly prejudicial than probative under Rule 403.  Cook argues that the cited testimony is admissible under Rule 404 and not unfairly prejudicial.

Rule 404(a) provides that "[e]vidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except" to show a pertinent trait of character of the

3

accused or the alleged victim in a criminal case or the character of a witness as allowed in Rules 607, 608, and 609.  Although Bradstreet will be a witness at trial, Cook does not argue that Benjamin's testimony is admissible under Rules 607, 608, or 609.

Instead, Cook contends that Benjamin's testimony that it was Bradstreet's practice to "let things slide" and to hope "that they would get done eventually" is admissible under Rule 404(b). Cook contrasts her own character, explaining that, unlike Bradstreet, she wanted to have things corrected immediately. Cook asserts that Bradstreet's practice is evidence of Bradstreet's motive or intent in retaliating against Cook and of Cook's reasonable belief that CTC was violating the law.

Under Rule 404(b) "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."  Such evidence may be admissible for another purpose.  Id.  Evidence of a crime, wrong, or act that is offered for another purpose must have "special relevance exclusive of defendant's character or propensity; and second, notwithstanding its special relevance, [] the evidence [must] meet[] the standard set forth in Fed. R. Evid. 403." United States v. Landrau-Lopez, 444 F.3d 19, 23 (1st Cir. 2006) (internal quotation marks omitted).  Special relevance cannot be shown by using "bad character or propensity as a

4

necessary link in the evidentiary chain." <u>DiRico v. City of Quincy</u>, 404 F.3d 464, 468 (1st Cir. 2005) (internal quotation marks omitted).

The relevance of Benjamin's expected testimony is far from clear. Cook states that the difference between Bradstreet's practice to let things slide and Cook's practice to correct things immediately shows Bradstreet's motive for retaliating against Cook. If that were the case, the testimony would prove that Bradstreet retaliated against Cook because of a personality conflict. Given the difficulty of assessing the purpose of the proposed testimony, its admissibility will have to be determined in the trial context.

C.   <u>Bradstreet's Reaction to Call</u>

CTC objects to Benjamin testifying about Bradstreet's reaction to Cook's telephone call to the Department of Labor. CTC contends that such testimony is unreliable and hearsay. Cook contends that Bradstreet's reaction was nonverbal and, therefore, does not implicate the rule against hearsay.

Hearsay is an out of court "statement . . . offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). A "statement," for purposes of the hearsay rule, is "an oral or written assertion or [] nonverbal conduct of a

person, if it is intended by the person as an assertion." Fed. R. Evid. 801(a)(2).  Testimony about the witness's perception of someone else's reaction, without describing that person's expressive conduct or repeating statements, is not hearsay.  See, e.g., United States v. Arnold, 486 F.3d 177, 185 (6th Cir. 2007) (listing non-hearsay evidence that was personally observed by the witness:  tone and tenor of a voice, distraught demeanor, and excitement); United States v. Brown, 441 F.3d 1330, 1360 (11th Cir. 2006) (witness's description of how family was coping with death of family member not hearsay); United States v. Bursey, 85 F.3d 293, 296 (7th Cir. 1996) (officer's testimony about his personal observations of defendant to show he was street smart not hearsay); United States v. Yazzie, 59 F.3d 807, 812 (9th Cir. 1995) (testimony about defendant's demeanor on certain occasions not hearsay).

At her deposition, Benjamin testified that her statement: "Tracy's tone and body language demonstrated to me that she was angry that Karen had contacted the Department of Labor and was raising all of these flags for the company," was accurate.  CTC has not suggested that Bradstreet's tone and body language was intended as an assertion.  If Benjamin is asked how Bradstreet reacted to Cook's call, she can describe her own impression, without repeating what was said, without violating the rule

6

against hearsay. Whether her testimony is reliable is a subject to be addressed on cross examination.

## II.  Motion to Strike Pretrial Statement

CTC moves to strike the section of Cook's pretrial statement that is titled "Uncontested Facts" on the ground that the facts are contested. CTC's objection to the facts stated in that section of the pretrial statement is noted. The factual statement is deemed to be contested.

## III.  Emergency Motion to Quash

CTC moves to quash the subpoena issued by Cook to its former CEO, Ray Allieri, on the grounds that the subpoena seeks improper and untimely discovery. As was discussed at the final pretrial conference, because Allieri is no longer a CTC employee, the subpoena is not seeking discovery from CTC. Therefore, Cook's subpoena is not improper.

CTC also moves to exclude all evidence pertaining to Allieri's separation agreement with CTC on the grounds that it is confidential and privileged under Federal Rule of Evidence 408, not relevant, hearsay, and unfairly prejudicial. The issue of the admissibility of settlement agreements has been addressed previously in this case. The same standard applies here.

Settlement negotiations and agreements are not admissible to prove liability for or the invalidity of a disputed claim.  Fed. R. Evid. 408(a).  That evidence is not excluded under Rule 408 if it is offered, instead, for other purposes such as to show a witness's bias or prejudice.  Fed. R. Evid. 408(b); Sheppard v. River Valley Fitness One, L.P., 428 F.3d 1, 12 (1st Cir. 2005). Alternatively, evidence of settlement negotiations and agreement may be excluded under Rule 403.  Galarneau v. Merrill Lynch, Pierce, Fenner & Smith, --- F.3d ---, 2007 WL 2964188 at *14 (1st Cir. Oct. 12, 2007).

In the absence of a copy of the settlement agreement and a context in which the evidence would be offered, the court cannot determine whether evidence of Allieri's settlement agreement would be relevant or more unfairly prejudicial than probative. CTC argues that the challenged evidence "is likely replete with [] 'out of court statements' offered 'to prove the truth of the matter asserted.' " Mot. at 6 (quoting Fed. R. Evid. 801(c)). The court cannot make an evidentiary ruling based on what the evidence is likely to be.  Instead, evidentiary rulings must be made as to the evidence offered and in the context in which it is offered.

IV.  <u>Emergency Motion to Clarify</u>

CTC moves for clarification of the court's order on its motion in limine to limit testimony about the circumstances of Lisa Mayo's termination.  After reviewing Cook's deposition testimony, the court agrees with CTC that Cook did not raise an issue as to the ethics or legality of Bradstreet's story about Mayo's replacement.  Therefore, testimony about that issue is excluded, and only the issue of the backdated letter is admissible.

V.  <u>Emergency Motion for Reconsideration</u>

CTC moves for reconsideration of the court's order that directed counsel to cooperate in scheduling Jawanna Benjamin's trial testimony.  This matter was discussed at the final pretrial conference.  The court issued an order on November 2, 2007, addressing Benjamin's trial testimony.  Therefore, CTC's motion is terminated as moot.

Conclusion

For the foregoing reasons, the defendant's motion in limine to exclude certain testimony by Jawanna Benjamin (document no. 89) is denied without prejudice to raise appropriate objections to her testimony given during trial depositions. The defendant's motion to strike the plaintiff's pretrial statement (document no. 111) is denied. The defendant's emergency motion to quash the subpoena issued to Ray Allieri (document no. 124) is denied. The defendant's emergency motion to clarify (document no. 125) is granted. The defendant's emergency motion to reconsider (document no. 129) is terminated as moot.

SO ORDERED.

/s/Joseph A. DiClerico, JR.
Joseph A. DiClerico, Jr.
United States District Judge

November 6, 2007

cc: Lauren Irwin, Esq.
    Mary Marshall, Esq.
    Heather Burns, Esq.
    Samantha Halem, Esq.